IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2007 SEP 10 A 8: 39

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**KANDEE COOLEY,**

    **Plaintiffs,**

vs.

Case No.: 2:07cv808-MHT

**STATE OF ALABAMA DEPARTMENT OF EDUCATION,
MOBILE COUNTY BOARD OF SCHOOL COMMISSIONERS
and the MOBILE COUNTY PUBLIC SCHOOL SYSTEM.**

    **Defendants.**

**DEMAND FOR JURY TRIAL**

## COMPLAINT

**COMES NOW**, Plaintiff, Kandee Cooley, by and through undersigned counsel, hereby alleges the following against the Alabama State Department of Education, Mobile County Board of School Commissioners, Mobile County School System.

### INTRODUCTION

1. Defendants were and are engaged in unfair and unlawful practices in handling and processing Plaintiff's claim on her work related injury. These practices violated the Family Medical Leave Act (FMLA), The Americans with Disabilities Act (ADA), and Title VII of the Act of Congress commonly known as "The Civil Rights Act of 1964" 42 U.S.C. § 2000(e) et seq., as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981a (hereinafter "Title VII"), which provides for relief against discrimination on the basis of sex and retaliation; and the Equal Protection Clause of the United States Constitution and the Alabama State Constitution. Plaintiff asserts her claim for relief for the defendants' violation of the Fourteenth Amendment through 42 U.S.C.A. § 1981 (hereinafter "§ 1981").

1

2. Plaintiff has continued to suffer from the severe on-the-job injury that she sustained in September 2001 and has become impoverished as a result of the Defendants actions in wrongfully processing her claim.

3. Defendants have created a process for processing work related injury claims, which guarantees that education employees will not receive the same rights as other workers in the State of Alabama, who receive Workers Compensation.

4. The Defendants also denied Plaintiff's 90 day injury pay as required by state law which she was due to receive for the severe on-the-job injury that she sustained in September 2001.

5. Plaintiff's insurance and other benefits of employment were also prematurely and illegally cancelled due to her constructive discharge and the Defendant's deliberate denial of her 90 day injury pay and Plaintiff was unable to continue her medical coverage and later denied COBRA coverage when she tried to obtain insurance coverage in order to receive treatment in hopes of improving her condition so that she could return to work. As a result of this Plaintiff's insurance company recalled monies paid out as a part of her benefits for both her medical care and that of her family.

6. The Plaintiff was subjected to irreparable harm when she was denied her 90 day pay and her twelve (12) week (FMLA) which is designed to guarantee that Plaintiff and similarly situated public school system employees who are injured on the job, will not have to bare the burden of having to pay their insurance premiums immediately after being taken off work due to an injury.

## PARTIES

7. Plaintiff, **KANDEE R. COOLEY** was at all relevant times a resident of Mobile, Alabama. She is an African American Citizen in the United States of America. Prior to the injury she received while working on 18 September of 2001, Plaintiff was employed by the Mobile County Public School System (MCPSS) and Board of School Commissioners of Mobile Public School System (BSCMP).

8. Defendant **STATE OF ALABAMA DEPARTMENT OF EDUCATION (SADE)** is a public incorporated body in the State of Alabama whose primary function is to govern, manage, oversee, and create policy for the education system in Alabama. This entity not only governs the policy for each student who attends the public or private education systems in the State of Alabama, but the employees of the statewide education system as well.

9. Defendant, **MOBILE COUNTY PUBLIC SCHOOL SYSTEM (MCPSS)** is an Employer within the meaning of 42 U. S.C. § 2000 (e) et seq; 42 U.S.C.A. § 12111 et seq., 29 U.S.C. § 2601 et seq. At all times relevant to this action, the Defendant MCPSS has employed at least fifteen or more employees. This defendant was the employer and /or joint employer of Plaintiff with the Board of School Commissioners of Mobile County Public School System, and /or an agent of the Defendant.

10. Defendant, **MOBILE COUNTY BOARD OF SCHOOL COMMISSIONERS (MCBSC)**, is an employer within the meaning of 42 U. S.C. § 2000 (e) et seq; 42 U.S.C.A. § 12111 et seq., 29 U.S.C. § 2601 et seq. At all times relevant to this action, the Defendant MCPSS has employed at least fifteen or more employees. This defendant was the employer and /or joint employer of plaintiff with the Board of School Commissioners of Mobile County Public School System, and /or an agent of the Defendant.

## JURISDICTION & VENUE

11. This Court has personal jurisdiction over the Defendants named herein because this is an action for violations of 42 U.S.C. § 2000 (e) et seq. (Title VII), 42 U.S.C.A. § 12111 et seq. (The Americans with Disability Acts, "ADA), 29 U.S.C. § 2601 et seq. (Family Medical Leave Act, "FMLA"); The Fourteenth Amendment (Equal Protection Clause) of the United States Constitution, 42 U.S.C.A. 1981, and related state constitutional laws regarding equal protection. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1367 (supplemental jurisdiction). State claims are included in this action under the doctrine of pendant jurisdiction.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial portion of the events and omissions giving rise to this Complaint occurred within the Middle District of Alabama and The State of Alabama Board of Education is being sued as a party to this suit, and can only be tried in Montgomery County, Alabama. Plaintiff has also satisfied all jurisdictional requirements for her Title VII and ADA claims, by filing notice of her charge with the Equal Employment Opportunity Commission (hereinafter "EEOC"), for retaliation related to her 2 July of 2007 termination by the (MCPSS). Actual Right to sue letters for her most recent

termination on 2 July of 2007 and ADA claims are still pending but included in this complaint under 42 U.S.C.A. 1981.

13. The Plaintiff also filed a complaint with the (EEOC) which was not able to resolve the controversy related to her September 2005 termination by the (MCPSS). The (EEOC)

4

has issued a letter ("*Right To Sue Letter*") to the Plaintiff dated 13 June of 2007, informing and advising the Plaintiff that it was unable to resolve the controversy as described to it, that it was not prepared to take further efforts therein, and that Plaintiff had the right to sue Defendants. Plaintiff has attached a copy of the Right To Sue Letter to this Complaint and timely filed this action in this Court.

## STATEMENT OF FACTS

14. Plaintiff was hired as a sixth grade teacher and reading specialist at Calloway Smith Middle School on or about 16 February of 1997. Plaintiff enjoyed being employed as a teacher and working with students who were often labeled as "at risk" students because of their socio-economic backgrounds.

15. Plaintiff's enjoyment of her position changed when her supervisor began making repeated lewd and lascivious comments to her on a regular basis, and refused to stop even after she requested that he do so. As a result of this unlawful and inappropriate conduct, Plaintiff filed a complaint of sexual harassment with the Equal Employment Opportunity Commission in February of 2002. This ultimately matured to a federal claim in the Southern District of Alabama, and was captioned as CV-03-569-WS-L. Even though Plaintiff presented her case before a jury of her peers, she received an unfavorable verdict.

16. During the time the sexual harassment occurred, Plaintiff was injured on the job while attempting to break up a fight between to female students. Essentially, one of the students violently kicked her knee cap out of place. Plaintiff reported the incident to her supervisors but was not allowed to see a doctor until school was over. Plaintiff was ultimately examined by Dr. Robert J. Zarzour who ultimately advised Plaintiff that the injury to her knee was severe enough

to require substantial treatment and therapy to stop the pain and possibly regain her ability to walk normally again.

17.     As a public teacher, Plaintiff under, Alabama Code 16-1-18.1 (5) (d) (2) (3), was entitled to receive her salary and fringe benefits for a period of ninety days upon presentation of an opinion from a medical doctor that Plaintiff was indeed injured. Plaintiff submitted the appropriate notice to the Superintendent in a timely manner. Even though Plaintiff submitted everything the statute required, she not only did not receive her entire 90 day coverage, but she was cited by the Principal, who was her sexual harasser, for excessive absenteeism.

18.     Specifically Plaintiff, after her injury, only received a partial check in September, October and received a check for $1,500.00 on 1 November of 2001, all of which included the combined sum of the first 23 days of the 90 day requirement set forth in the Alabama Code 16-1-18.1. Plaintiff had to begin paying her own premiums immediately, because the MCPSS stated that there were insufficient amounts in her checks to cover the premium. Plaintiff made numerous attempts to have her insurance coverage reinstated after it was illegally cancelled by the Defendants in March 2002. Plaintiff was repeatedly told by the defendants that she could not obtain her insurance coverage again unless and only if she returned to work.

20.     In November of 2001, Plaintiff reported to MCPSS that she had not received her 90 day on the job injury pay. Even though one of the commissioners promised to investigate the matter, Plaintiff had to begin to pay her insurance premium of 172.00 in December of 2001, and she was placed on leave without pay. Plaintiff's insurance premium ballooned to 586.00 per month in June of 2002, and Plaintiff's insurance was cancelled by Defendant, and she was forced

to stop her treatment because of the lack of insurance and her inability to pay. This of course, caused the physical problems brought on from the Plaintiff's on-the- job injury to worsen.

21. Because of the MCPSS' refusal to pay Plaintiff her entire 90 day pay, Plaintiff had to file a Writ of Mandamus in Circuit Court in June of 2003 in order to force the MCPSS to comply with the law. Plaintiff was successful, but she did not receive the favorable decision until the Circuit Court action was filed, and she did not receive the remaining payment of her ninety days until July 2003, almost two years from the time she sustained the work related injury.

22. Plaintiff sought help from her union, the Alabama Education Association (AEA) and she was told that she had received all of the benefits that were due to her. At no subsequent time did the Defendant or (AEA) tell Plaintiff about coverage through COBRA, the insurance program that was created for injured school system employees. This was a benefit that Plaintiff was entitled to but denied.

23. Even though Plaintiff clearly advised (MCPSS) and other Defendants that she was injured, and could not return to work because of her injury, the process to terminate Plaintiff has been initiated by the MCPSS on numerous occasions dating back to May of 2002 on false and/or unfounded grounds. The MCBSC successfully terminated Plaintiff in September of 2005 for unrelated reasons. Plaintiff survived that termination when a Federal Arbitrator agreed that the evidence presented by the defendant did not establish any breach of duty on the part of the Plaintiff and that removal of the Plaintiff from the employment roll of the MCPSS was unjustified and that Plaintiff had received a severe "on the job" injury.

24. The Arbitrator found further that Plaintiff had exhausted her disability payments and her claim with the Board of Adjustment/State of Alabama Department of Education/Mobile

County Board of Education had dragged on unnecessarily and that Plaintiff's failure to receive timely compensation had caused her to incur substantial unpaid medical expenses that caused doctors to refuse her treatment because of those unpaid bills. The Arbitrator even had to request the Defendant (MCPSS), to provide a letter acknowledging that the Plaintiff had been injured on the job, to expedite her claim with the Board of Adjustment. Plaintiff has attached a copy of the letter from the (MCPSS) dated 24 March of 2004 acknowledging her injury to this complaint. Plaintiff was terminated again on July 2nd, 2007.

25. Plaintiff has no real redress to deal with the loss of her benefits and wages. She has filed claims before the Alabama Department of Education/Board of Adjustment as required by Alabama Code. This remedy has only resulted in an award of approximately $34,356.03 for selective medical bills, permanent partial disability and out-of-pocket expenses involving mileage and other expenses related to the on-the-job injury. Plaintiff was denied benefits and lost wages related to her on-the-job injury dating back to 18 September of 2001, that she would have been entitled to, if she, along with other public education employees in the State of Alabama were entitled to benefit from the Alabama Workers Compensation Law to recover lost wages, benefits or future wages for injuries. Moreover, all supplemental claims for additional lost wages and medical cost before the Alabama Board of Adjustment, has been denied.

26. Under Alabama Law, Plaintiff, as an injured Alabama State Public Education Employee is only entitled to a one-time 90 day injury pay. Once the ninety days expires, Plaintiff, or any state employee will have to present her claim of lost wages to the Alabama State Department of Education/Board of Adjustment, who will make a decision as to whether the injured party is entitled to any relief after reviewing information to deny claims provided by the

local school board, against whom the claim is filed. No benefits or future pay is allowable through this provision.

27. Plaintiff is still injured as a result of the injury she received while working, and the Defendant does not dispute that she was injured on the job. Plaintiff has also been assigned a 25% disability rating from one of her treating physicians and a 100% total disability rating from two of her treating physicians as well as an independent vocational expert. Despite this, Plaintiff, and all other public education employees in the State of Alabama are not entitled to use the Alabama Workers Compensation Law to recover lost wages, benefits or future wages for on-the-job injuries.

28. Plaintiff has essentially become destitute from this State Policy since she is unable to work because of her injury, yet her employer has terminated her and repeatedly at every level denied any claim for wages and benefits to compensate Plaintiff, for the severe on-the-job injury that she sustained while performing her duties as a tenured teacher due to retaliation for filing a claim with the (EEOC).

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution

29. Plaintiffs hereby incorporate by reference the allegations of paragraphs 1 through 28 inclusive, as if fully set forth herein.

30. The fourteenth amendment to the United States Constitution provides in part, "All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce

any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the Equal Protection of the laws". *United States Constitution, Fourteenth Amendment.*

31. The Defendant, Alabama State Department of Education, is clearly a state entity as defined in the constitution. This Defendant violated the Equal Protection Clause of the fourteenth amendment of the United States Constitution by:

   a. Establishing a law which only guarantees a state education employee a ninety days period compensation, and forcing state education professionals to use the Board of Adjustment to remedy matters involving on-the-job injuries even though other employees within the State of Alabama are allowed to seek redress for their on-the-job injuries through the Workers Compensation statutes, which provides much more than 90 days, future loss of wages, and medical cost payment.

   b. Requiring Plaintiff and other Public Education Employees to process their claims through one collective fund, instead of insurance companies and others.

32. As a direct and proximate result of these violations, Plaintiffs was and continues to be damaged in a sum according to proof, not yet ascertained, including but not limited to: compensatory damages and all benefits denied to Plaintiff during the period of time she has been disabled as a result of a work related injury.

33. Defendant has been unjustly enriched at the expense of the Plaintiff, and this extreme indifference to the needs of Plaintiff and other similarly situated employees makes this a case of punitive damages.

## SECOND CAUSE OF ACTION
## FAMILY MEDICAL LEAVE ACT
## 29 U.S.C.A. § 2600

34.  Plaintiffs hereby incorporate by reference the allegations of paragraphs 1 through 33, inclusive, as if fully set forth herein.

35.  Defendant, MCBE, AND MCPSS are public entities, which are required to follow the provisions of the Family Medical Leave Act. Under this act, the employer is required to give employees twelve weeks of unpaid leave time. During this time period the employer is to pay the employee's insurance the same as if the employee was still working.

36.  Under FMLA, the employers are also required to maintain the employee's coverage under any group health insurance plan on the same conditions as coverage would have been provided if an employee had continuously worked during the entire leave period. *29 U.S.C.A. § 2614.*

37.  The Plaintiff was entitled to ninety days (90) of injury compensation under Alabama Code 16-1-18.1 (5) (d) (2) (3), leave time for the months of October, November and December, 2001. After December 2001, Plaintiff requested leave under the Family Medical Leave Act after her doctor stated that she was not going to be able to return to work at that time.

38.  Starting in January 2002, Plaintiff was entitled to receive 12 weeks of leave with her insurance premium being the same as if she was working continuously. This would have meant that Plaintiff should have been allowed to pay the $172.00 premium to Blue Cross for a longer period of time.

39.  Plaintiff was not allowed to keep her holiday pay and benefits. She was also not allowed to receive COBRA, which she was also entitled to.

40. Because of the acts of the Defendant, Plaintiff was unable to continue medical coverage, and she was unable to continue uninterrupted treatment for her injury. Plaintiff's inability to continue to receive treatment caused her condition to worsen. Plaintiff is therefore entitled to compensatory damages against the Defendant for all the extra insurance premium amounts she was required to pay during this time, and all money recouped by the system and insurance carrier for denial of coverage during this time, and any other amount which would make the Plaintiff whole.

### THIRD CAUSE OF ACTION
### AMERICANS WITH DISABILITIES ACT
### 42 U.S.C.A. § 12111 et. seq.

41. Plaintiffs hereby incorporate by reference the allegations of paragraphs 1 through 40 as if set out here in full.

42. Defendant MCPSS and MCBSC are employers within the meaning of The Americans with Disabilities Act of 1990, (ADA) *42 U.S.C.A. § 12111 et seq.*

43. Under the ADA and 42 U.S.C.A § 1981 the employer is required to make reasonable accommodations of an employee's disability, which is recognized under the Act. This accommodation includes allowing an employee to remain on leave until their temporary disability is made better through treatment or modification of Plaintiff's workplace or job title.

44. Plaintiff requested that the Defendant MCPSS accommodate her by allowing her to remain on leave until her condition was made better in a letter dated 6 June of 2007.

45. Even though the Plaintiff requested this accommodation, the Defendant failed to accommodate Plaintiff, and terminated her on July 2nd, of 2007.

46. Even prior to this termination, the Defendant terminated Plaintiff while she was receiving treatment for her disability on other occasions, which Plaintiff had to fight to have overturned.

47. Defendants' acts are willful, wanton and in conscious disregard of Plaintiff's right under the ADA or the United States Constitution. Because of their acts, Plaintiff has not received compensation and has lost her job. Plaintiff is entitled to back pay, front pay, future pay, and/or accommodation, and all other damages which would make her whole under the Act. Plaintiff is entitled to punitive damages as a result of the acts of the Defendant.

## FOURTH CAUSE OF ACTION
## RETALIATION
## TITLE VII
## 42 U.S.C. § 1981a

48. Plaintiff hereby incorporate by reference the allegations of paragraphs 1 through 47 as if fully set forth herein.

49. Plaintiff believes that on the basis of the above allegations, she was summarily terminated in September of 2005, and again on 2 July of 2007.

50. Because Plaintiff has fought on every level to preserve her rights under the ADA, FMLA, Title VII and other state remedies, she was terminated on both of these occasions in violation of the ADA and FMLA. It is Plaintiff's belief that she was terminated in violation of Title VII of the Civil Rights Act on these occasions because of the sexual harassment charge she filed against the Defendants with the **(EEOC)** in 2002, which resulted in a Cause Finding being issued to Plaintiff in 2003 and a second Cause Finding being issued to Plaintiff in January 2007 for continued Retaliation.

51. The retaliatory acts that began on or about May of 2001 continued and was initially believed to have culminated in November of 2001 when Plaintiff was constructively discharged. However, Plaintiff had to file another complaint with the **(EEOC)** related to her September 2005 termination by the **(MCBSC)**, which led to the second Cause Finding being issued to Plaintiff for continued Retaliation. To date Plaintiff has been issued two (2) Cause Findings for Retaliation from the **(EEOC)** dating back to 2003, which included but was not limited to Constructive Discharge, with the most recent Cause Finding being awarded to Plaintiff in January of 2007.

52. Specific acts of retaliation by the defendant included but was not limited to, not being granted permission by her principal to leave school to receive medical attention immediately after being injured on 18 September of 2001, being constructively discharged in November of 2001, attempting to fire Plaintiff for allegedly abandoning her job when they (Defendant) knew or should have known that they (Defendant) had approved Plaintiff for extended medical leave which was supposed to protect Plaintiff's benefits of employment as she tried to recover from a severe on-the-job injury, and the defendant's continued denial of Plaintiff's Board of Adjustment claim. All of the retaliatory acts described above directly affected Plaintiff's pay, benefits and ability to work.

53. Said retaliation was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

54. Plaintiff has no plain, adequate or complete remedy at law to recover for the acts of retaliation committed against her, and is entitled to compensatory damages, punitive damages, and any other remedy available to her under this law and under 42 U.S.C.A 1981.

## FIFTH CAUSE OF ACTION
## PENDANT STATE CLAIM
### Breach of Contract

55. Plaintiffs hereby incorporate by reference allegations of paragraphs 1 through 54 as if fully et forth herein.

56. Plaintiff was a contracted twelve (12) month employee with the Defendant (**MCPSS**), when she was placed on leave because of the severe on-the-job injury she sustained.

57. Defendant, (**MCPSS**) breached its contract with Plaintiff by refusing to give her all of her entitled benefits pursuant to her twelve month employment contract with the Defendant for period of time that Plaintiff had been on extended medical leave recovering from the injury she received on the job. Specifically, Plaintiff was entitled to continue to receive retirement benefits, certain insurance policies including but not limited to life, health, dental and vision insurance as a contracted employee of the Defendant. Plaintiff has also lost more than a year off of her teaching certificate, due to the failure of the (**MCPSS**) to transmit the information necessary to reinstate the Plaintiff's teaching certificate or the (**ASDE**) who claimed, they never received the information. Defendant, (**MCPSS**) also breached its contract with Plaintiff by liquidating funds from her wages during the months of June and July of 2002 in violation of the Plaintiff's contract.

58. Plaintiff is entitled to recover her benefits as a result of the breach of contract by the Defendant MCPSS in an amount to be established at trial for the breach or unjust enrichment of the Defendant.

## PRAYER FOR RELIEF

Plaintiff respectfully pray for the following relief as to Counts one (1) through five (5) of the Complaint:

1. Actual Compensatory Damages, such as back pay, front pay, future wages, loss of benefits;

2. Restitution and Reimbursement.

3. Punitive Damages and/or statutory treble damages where permitted.

4. Injunctive relief, which requires that the **(ASDE)** adopt the same principles and laws guaranteed to all employees in the State of Alabama under the Alabama Workers Compensation law.

5. Attorney fees and cost.

6. Any other relief the Court deems proper.

Respectfully submitted,

/s/ April England-Albright

**COUNSEL:**

**April England-Albright**
**Post Office Box 312293**
**Atlanta, Georgia 31131**
**(334) 327-0451**
**Fax: 866-276-1131**

## JURY DEMAND

**PLAINTIFFS REQUEST TRIAL BY JURY**

/s/ April England-Albright

16



**Mobile County Public School System**

POST OFFICE BOX 1327 MOBILE, AL 36633-1327  PHONE: 251 221-4000   SUPERINTENDENT Harold W. Dodge, Ed.D.

BOARD OF SCHOOL COMMISSIONERS
Lonnie C. Parsons, President – District 1
Judy P. Stout, Ph.D., V. President – District 2
Hazel H. Fournier – District 3
David L. Thomas, Jr. – District 4
William S. Meredith – District 5

March 24, 2006

RE: On-the-job injury of Kandee Cooley (Certified Tenured Teacher)
    Date of injury 9/18/01

To Whom It May Concern:

The Mobile County Public School System ("MCPSS") acknowledges that Mrs. Kandee Cooley was injured on the job on September 18, 2001, while employed as a tenured classroom teacher at Calloway-Smith Middle School. As a result of her September 18, 2001 injury, Mrs. Cooley was ultimately approved for her full ninety days of on-the-job injury pay, according to Alabama law. Further, Mrs. Cooley, who is still employed by the MCPSS, has been on extended medical leave from her employment in the system, as a result of that injury, from the time of her injury through present.

Sincerely,

Paul E. Tate, Jr.

Paul E. Tate, Jr.
Assistant Superintendent
Human Resources Division

PET:lld

Cc: Dr. Dodge
    Carvine Adams



## U.S. Department of Justice

### Civil Rights Division

Employment Litigation Section - PHB
950 Pennsylvania Avenue, N.W.
Washington, DC 20530
www.usdoj.gov/crt/emp/emphome.html

### NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

WJK:WBF:mdw
DJ 170-3-97

JUN 1 3 2007

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Kandee R. Cooley
1070 Zurich Street
Mobile, AL 36608

Re: Kandee R. Cooley v. Mobile County Public
School System, EEOC No. 420-2006-01237

Dear Ms. Cooley:

It has been determined that the Department of Justice will not file suit on the above-referenced charge of discrimination that was referred to us by the Equal Employment Opportunity Commission (EEOC). This should not be taken to mean that the Department of Justice has made a judgment as to whether or not your charge is meritorious. You are hereby notified that conciliation in this matter was unsuccessful by the EEOC. You are further notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent. If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.

Therefore, you should consult an attorney of your own choosing at your earliest convenience. If you are unable to locate an attorney, you may wish to contact the EEOC, or apply to the appropriate court, since that court may appoint an attorney in appropriate circumstances under Section 706(f)(1) of Title VII, 42 U.S.C. 2000e-5(f)(1).

We are returning the files in this matter to EEOC's Birmingham District Office. If you or your attorney have any questions concerning this matter or wish to inspect the investigative file, please feel free to address your inquiry to: Delner Franklin-Thomas, District Director, EEOC, 1130 22nd Street, South, Birmingham, AL 35205.

Sincerely,

Wan J. Kim
Assistant Attorney General
Civil Rights Division

By:

William B. Fenton
Deputy Chief
Employment Litigation Section

cc: K. Paul Carbo, Jr., Esq.
Mobile County Public School System

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602000369
Cashier ID: cstrecke
Transaction Date: 09/10/2007
Payer Name: APRIL ENGLAND ALBRIGHT
------------------------------------
CIVIL FILING FEE
  For: APRIL ENGLAND ALBRIGHT
  Case/Party: D-ALM-2-07-CV-000808-001
  Amount:        $350.00
------------------------------------
CHECK
  Remitter: APRIL ENGLAND ALBRIGHT
  Check/Money Order Num: 3025
  Amt Tendered: $350.00
------------------------------------
Total Due:       $350.00
Total Tendered:  $350.00
Change Amt:      $0.00

DALM207CV000808-MHT

KANDEE COOLEY V STATE OF AL DEPT OF
ED ET AL
```