IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KANDEE COOLEY, ) | |
| ) | |
|    Plaintiff. ) | |
| ) | |
| vs. ) | Case No.:  2:07cv808-MHT |
| ) | |
| STATE OF ALABAMA DEPARTMENT ) | |
| OF EDUCATION, MOBILE COUNTY ) | |
| BOARD OF SCHOOL COMMISSIONERS ) | |
| and the MOBILE COUNTY PUBLIC ) | |
| SCHOOL SYSTEM ) | |
| ) | |

**ALABAMA STATE DEPARTMENT OF EDUCATION'S
MOTION TO DISMISS
AND SUPPORTING MEMORANDUM**

COMES NOW the Alabama State Department of Education (the "SDE") and moves this Honorable Court, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted.  In support thereof, the SDE submits as follows:

**I.     FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

On September 18, 2007, Ms. Kandee Cooley, Plaintiff, brought an employment discrimination and retaliation action against the SDE, the Mobile County Board of School Commissioners, and the Mobile Public School System. (Doc. 1, ¶ 1).  As best as can be ascertained, Plaintiff's complaint alleges that the SDE engaged in "unfair and unlawful practices in handling and processing Plaintiff's claim on her work related injury." (Doc. 1, ¶ 1).  Plaintiff requests "compensatory damages and all benefits denied to Plaintiff during the period of time she has been disabled", compensatory damages "for

1

all the extra insurance premium amounts she was required to pay", "back pay", "front pay", "future pay", and punitive damages. (Doc. 1, ¶¶ 32, 33, 40, 47, 54). Plaintiff also seeks an injunction requiring the SDE to "adopt the same principles and laws guaranteed to all employees in the State of Alabama under the Alabama Workers Compensation law." (Doc. 1, p. 16)

The SDE contests the material factual allegations of Plaintiff's complaint. Even assuming, solely for the sake of argument, that those allegations were true, Plaintiff's claims against the SDE should be dismissed because Plaintiff has failed to state a claim against the SDE upon which relief could be granted. In addition, Plaintiff's action is also deficient because the SDE is immune from suit under federal and state laws. For these reasons and any other that the Court deems applicable, Plaintiff's claims against the SDE should be dismissed.

## II. STANDARD OF REVIEW

The standard of review for a motion to dismiss is well settled:

> A court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *see also Wright v. Newsome,* 795 F.2d 964, 967 (11th Cir. 1986) ("[W]e may not ... [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief.") (citation omitted).

*Swanson v. Pitt*, 330 F. Supp. 2d 1269, 1273 (M.D. Ala. 2004)

## III. ARGUMENT

### A. FAILURE TO STATE A CLAIM AGAINST SDE – COUNT ONE

2

In Count One of her complaint, the Plaintiff alleges that the SDE violated the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. (Doc. 1, ¶ 31). As the basis for this claim, the Plaintiff alleges that the SDE established a law which only guarantees a state education employee a ninety (90)-day period for compensation after an employee suffers an on-the-job injury. (Doc. 1, ¶ 31). The Plaintiff alleges that, as a result of this 90-day period for wage compensation (which was allegedly established by the SDE), injured education employees are not allowed to seek compensation through Alabama's Workers Compensation statutes, but rather are forced to apply to the Alabama Board of Adjustment for a remedy. (Doc. 1, ¶ 31).

The Plaintiff's claim clearly fails to state a claim upon which relief can be granted. Plaintiff cites ALA. CODE § 16-1-18.1(5)(d)(3) as the law allegedly established by the SDE that guarantees only a 90-day period for compensation for on-the-job injuries. However, this statute was obviously enacted by the Alabama Legislature and was not established by the SDE. In fact, the Department of Education is itself merely a creation of the Alabama Legislature. *See* ALA. CODE § 16-2-1, *et seq.* (1975). Indeed, the lawmaking authority for the Code of Alabama rests with the legislature, not the SDE. *See* ALA. CONST. of 1901, § 43. *See also Opinion of the Justices, No. 380*, 892 So. 2d 332, 335 (Ala. 2004) ("[T]he core power of the legislative branch is to declare policy through enacting legislation . . . .")

Further, the Alabama Board of Adjustment and the remedy and procedures it employs, is also a creation of the Alabama legislature, not the SDE. *See* ALA. CODE § 41-9-60 (1975). Section 41-9-60, which concerns the Board of Adjustment, states that

> The purpose of this division is to provide a method of payment by the
> State of Alabama or any of its agencies, commissions, boards, institutions

3

>or departments to persons for injuries to person or property or for death occasioned by the State of Alabama or any of its agencies, commissions, boards, institutions or departments where in law, justice or good morals the same should be paid.

Obviously, the SDE did not create the Board of Adjustment, and is in fact only one of the many agencies governed by its provisions. Indeed, the claims procedure before the Board of Adjustment is akin to an adversarial proceeding, *i.e.*, these proceedings often pit the claimant against the relevant state agency. ALA. CODE §§ 41-9-60, *et seq.* (1975). These two statutory provisions illustrate that claims brought before the Board of Adjustment are adversarial in nature. Other than being subject to Board of Adjustment proceedings, the SDE has no control or involvement in the claims process of the Board of Adjustment.[1]

In summary, because the Alabama legislature, not the SDE, enacted the disputed statutes, the SDE cannot be liable for any violation of the Equal Protection Clause which might arise as a result of those statutes. Further, the SDE cannot be subject to an injunction requiring it to adopt the laws Plaintiff would like to see enacted for the simple reason that the Alabama legislature, not the SDE, is invested with necessary legislative power to enact such a law. For the foregoing reasons, Plaintiff's claim in Count One of her complaint is deficient and is due to be dismissed. FED.R.CIV.P. 12(b)(6).

### B. FAILURE TO STATE A CLAIM AGAINST THE SDE – COUNTS TWO THROUGH FIVE

In Counts Two and Three of her complaint, Plaintiff contends that the Defendants violated the Family Medical Leave Act and the Americans with Disabilities Act. (Doc. 1, ¶¶ 35, 43). In Count Four of her complaint, Plaintiff alleges that the Defendants

---

[1] In fact, the Board of Adjustment is "composed of the Director of Finance, the State Treasurer, the Secretary of State and the State Auditor." Ala. Code § 41-9-61. The SDE is not represented on the Board of Adjustment.

retaliated against her in violation of Title VII. (Doc. 1, ¶ 50.) In Count Five of her complaint, Plaintiff asserts a breach of contract claim against the Defendants. (Doc. 1, ¶ 57). It appears that the allegations in Counts Two through Five of the Complaint have not been brought against the SDE. However, out of an abundance of caution, the SDE asserts that Plaintiff's allegations (to the extent they are asserted against the SDE) are wholly without merit because no employment relationship has ever existed between Plaintiff and the SDE. Plaintiff may have been an employee of a local education agency as a teacher, but she was not and is not an employee of the SDE in any capacity. Plaintiff has made no allegation to the contrary. Accordingly, Counts Two through Five are due to be dismissed for failure to state a claim upon which relief can be granted to the extent they are asserted against the SDE. Rule 12 (b) (6), FED. R. CIV. P.

An employment-discrimination action presupposes the existence of an employer/employee relationship. In other words, a plaintiff must prove that "the employer unlawfully discriminated against the employee." *Barnes v Southwest Forest Industries, Inc.*, 654 F. Supp. 193, 196 (N.D. Fla. 1986) (emphasis added, citing *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248 (1981) and *Furnco Construction Corp. v. Waters*, 438 U.S. 567, 577 (1978)); *see also Sullivan v. City of Satsuma*, 2005 WL 2206222, *6 (S. D. Ala. 2005). Plaintiff's employment discrimination claims against the SDE must fail because no employment relationship exists or existed between the parties. Under Alabama law, a local board of education has the responsibility and discretion of hiring its own teachers. In fact, the SDE is prohibited, except in exigent circumstances, from reviewing the personnel matters of a local school board. *See* ALA. CODE § 16-4-8 (1975). Rule 290-010-020-.03 of the Alabama

5

Administrative Code states: "The State <u>Superintendent of Education shall not have the authority to review</u> actions and orders of county and city boards of education or county superintendents of education and city superintendents of schools in <u>personnel matters</u>." ALA. ADMIN. CODE, r. 290-1-2-.03 (emphasis supplied.)

Because Plaintiff is not an employee of the SDE, and because Plaintiff makes no allegation that she ever was, a key element of an "employment discrimination claim" is missing – the existence of an employer/employee relationship between the SDE and Plaintiff. As a result, to the extent Plaintiff has asserted such claims, Plaintiff's employment-discrimination claims against the SDE are deficient and her complaint is due to be dismissed. FED. R. CIV. P. 12 (b)(6).

### C. THE PLAINTIFF'S CLAIMS AGAINST THE SDE ARE BARRED UNDER IMMUNITY PRINCIPLES

#### 1. PLAINTIFF'S CLAIMS AGAINST THE SDE ARE BARRED BY ELEVENTH AMENDMENT IMMUNITY.

Plaintiff's claims against the SDE are barred by the Eleventh Amendment of the United States Constitution, which states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI.

It is well-settled law that the Eleventh Amendment bars federal claims against state agencies and state officials acting in their official capacities. *Leverette v. Alabama Revenue Dep't*, 453 F. Supp. 2d 1340, 1343 (M.D. Ala. 2006); *Jackson v. Georgia Dept. of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994). *See also Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139 (U.S. 1993) (internal quotation

omitted) ("Absent waiver, neither a State nor agencies acting under its control may be subject to suit in federal court.")  Specifically, **"a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment."** *Edelman v. Jordan*, 415 U.S. 651, 663 (1974) (emphasis supplied.)

As stated, the SDE is a state agency and the Plaintiff has alleged violations of federal law, specifically federal laws stemming from the Fourteenth Amendment.  In *Alabama v. Pugh*, 438 U.S. 781, 782 (1978), the United States Supreme Court held:

> There can be no doubt, however, that suit against the State [of Alabama] and its Board of Corrections is barred by the Eleventh Amendment, unless Alabama has consented to the filing of such a suit.  Respondents do not contend that Alabama has consented to this suit, and it appears that no consent could be given under Art. I, ¶ 14, of the Alabama Constitution, which provides that 'the State of Alabama shall never be made a defendant in any court of law or equity.'

*Alabama v. Pugh*, 438 U.S. at 782 (internal citations omitted.)

The Plaintiff in this case impermissibly seeks monetary relief against the SDE.  In light of well-established case law, the Plaintiff's federal claims are barred by Eleventh Amendment immunity and are due to be dismissed.

### 2. PLAINTIFF'S CLAIMS AGAINST THE SDE ARE BARRED BY STATE SOVEREIGN IMMUNITY.

The Plaintiff's state law claim (Count Five – Breach of Contract) is barred and is due to be dismissed under the principle of state sovereign immunity.  *See* AL CONST. art. I, § 14.

It is well established that:

> Section 14, Ala. Const. 1901, provides '[t]hat the State of Alabama shall never be made a defendant in any court of law or equity.'  This section affords the State and its agencies an 'absolute' immunity from suit in any

>court. *Ex parte Mobile County Dep't. of Human Res.*, 815 So. 2d 527, 530 (Ala. 2001) (stating that Ala. Const. 1901, ¶ 14, confers on the State of Alabama and its agencies absolute immunity from suit in any court).

*Haley v. Barbour County*, 885 So. 2d 783, 788 (Ala. 2004).

The issue of state sovereign immunity was discussed in *Ex parte Alabama Dept. of Transp.*, 764 So. 2d 1263 (Ala. 2000). In concluding that the Department of Transportation ("ALDOT") and its officers were entitled to immunity, the Alabama Supreme Court reasoned as follows:

>The immunity claimed by ALDOT and the other defendants is derived from Article I, ¶ 14, of the Alabama Constitution of 1901, which states "[t]hat the State of Alabama shall never be made a defendant in any court of law or equity." Under this section, "[t]he State and its agencies have absolute immunity from suit in any court." *Mitchell v. Davis*, 598 So. 2d 802, 806 (Ala. 1992). ALDOT is clearly a State agency, and, as such, is immune from suit. *See generally Ex parte Kelley*, 739 So. 2d 1095 (Ala. 1999). Therefore, Blue Ridge's claims against it are barred by the doctrine of sovereign immunity.

*Ex parte Alabama Dept. of Transp.*, 764 So. 2d 1268.

As in *Ex parte Alabama Dept. of Transp.*, the SDE is a state agency, and therefore, is immune from suit. Accordingly, the Plaintiff's complaint against the SDE is due to be dismissed.

### 3. THE PLAINTIFF MAY NOT RECOVER PUNITIVE DAMAGES FROM THE SDE.

It is well-settled law that "punitive damages may not be awarded against the State of Alabama or any county or municipality thereof, or any agency thereof." ALA. CODE § 6-11-26 (1975). Any and all claims for punitive damages asserted by Plaintiff against the SDE are due to be dismissed.

## IV.    CONCLUSION

WHEREFORE, based upon Plaintiff's allegations and applicable law, the SDE respectfully requests the Court to dismiss Plaintiff's complaint against it in its entirety, with prejudice, and for such other and further relief as this Court deems just and proper.

        Respectfully submitted,

        TROY KING
        ATTORNEY GENERAL


        /s Larry E. Craven          (CRA 007)

        Attorney for Defendant
        State Department of Education

OF COUNSEL:
State of Alabama
Department of Education
5103 Gordon Persons Building
50 North Ripley Street
Montgomery, AL 36130-0001

C<span style="font-size:smaller">ERTIFICATE OF SERVICE</span>

I hereby certify that I have electronically served a copy of the foregoing document with the Clerk of the Court, Montgomery County, Alabama, on this the 9th day of October, 2007, using the CM/ECF system which will send notification to the following counsel of record:

    April England-Albright, Esq.
    Law Office of April England-Albright
    P. O. Box 3412293
    Atlanta, GA 33131

And I hereby certify that I have mailed by United States Postal Service the document to the two co-defendants listed below:

    Mobile County Board of School Commissioners
    P. O. Box 1327
    Mobile, AL 36608

    Mobile County Public School System
    P. O. Box 1327
    Mobile, AL 36608

                                                        /s Larry E. Craven
                                                            Of Counsel