IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KANDEE COOLEY, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *   Case No: |
| | *   2:07CV808-MHT |
| STATE OF ALABAMA DEPT. OF EDUCATION, | * |
| MOBILE COUNTY BOARD OF SCHOOL | * |
| COMMISSIONERS, AND MOBILE COUNTY | * |
| PUBLIC SCHOOL SYSTEM, | * |
| | * |
| Defendants. | * |

**BRIEF IN SUPPORT OF MOTION TO TRANSFER AND MOTION TO DISMISS**

Comes now Defendants, Mobile County Board of School Commissioners and the Mobile County Public School System (collectively referred to herein as "the Board") and file this brief in support of its separately filed motions to transfer this case to the United States District Court for the Southern District of Alabama (hereinafter, "Southern District") pursuant to 28 U.S.C. § 1404(a) and its motion to dismiss certain claims made against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

I.   **INTRODUCTION**

This is an employment case. Plaintiff, Kandee Cooley, is making an assortment of claims against the Board related to her prior employment, including generally, (1) claims under the Family and Medical Leave Act, 28 U.S.C. §§ 2611, *et seq.*, see Compl., pp. 11-12, ¶¶ 34-40; (2) employment claims under the Americans With Disabilities Act, 42 U.S.C. §§ 12111, et seq., see Compl., pp. 12-13, ¶¶ 41-47; (3) retaliation claims under Title VII, see Compl., pp. 13-14, ¶¶ 48-54; and (4) a breach of contract claim. See

Compl., p. 15, ¶¶ 55-58. Plaintiff is also making a claim solely against the State of Alabama (through the Alabama Department of Education, hereinafter the "ADE") claiming a violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. (See Compl., pp. 9-10, ¶¶ 29-33). All of the events underlying this case, as well as practically all (if not all) of the evidence and witnesses relevant to this case occurred or are located in the Southern District, namely Mobile County, Alabama. In fact, Plaintiff herself resides in Mobile, or at least did as of June of this year as well as at all times relevant to the Complaint. Thus, transfer of this civil action to the Southern District is appropriate pursuant to the doctrine of *forum non conveniens* as codified at 28 U.S.C. § 1404(a). In addition, all punitive damages claims made against the Board are due to be dismissed because punitive damages are not available against the Board under the law applicable to the causes of action asserted against it in the Complaint. Below, the Board will explain why.

II.  ARGUMENT

    A.  *Forum Non Conveniens* Transfer is Appropriate Pursuant to Section 1404(a).

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action to another federal court on *forum non conveniens* grounds. See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp., 127 S.Ct. 1184, 1190-91 (2007) (noting *forum non conveniens* as between federal courts is governed by section 1404(a)); Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 n.20 (1985) (noting that section 1404(a) "embodies in an expanded version the common-law doctrine of *forum non conveniens*"); Versa Products, Inc. v. Home Depot, USA, Inc., 387 F.3d 1325, 1326 (11th Cir. 2004).

2

Pursuant to the above, this Honorable Court has recognized a two-part inquiry for purposes of a *forum non conveniens* transfer: (1) "whether the action could originally have been brought in the proposed transferee district court"; and (2) "whether the action should be transferred for the convenience of the parties and in the interest of justice." C.M.B. Foods, Inc. v. Corral of Middle Georgia, 396 F.Supp. 2d 1283, 1286 (M.D.Ala. 2005) (internal quotation marks omitted). The Board will address both below.

1. **This Action Could Originally Have Been Brought in the Southern District of Alabama.**

In regard to the first element, the Board submits there is no reasonable dispute possible that this action could have been brought in the Southern District. There is no doubt that "a substantial part of the events or omissions giving rise to the claim[s]" made in Plaintiff's complaint occurred in the Southern District. See id. (citing 28 U.S.C. § 1391(b)). In fact, the Board submits that the reality here is that all of the events giving rise to the claims arose in the Southern District, *e.g.* Mobile, during the course of Plaintiff's employment by the Board, Plaintiff's lone Fourteenth Amendment claim against the ADE notwithstanding.[1] (See, *e.g.*, Compl., pp. 5-10, ¶¶ 14-33). However, even if Plaintiff could properly show that some part of the events or omissions occurred

---

[1] The Board must make a few observations about the claims made against the ADE in the complaint. First, in her jurisdiction and venue averments, Plaintiff claims that the ADE "can only be tried in Montgomery County, Alabama." (Compl., p. 4, ¶ 12). Plaintiff cites no authority for this proposition, and the Board is not aware of any authority so holding which would be binding on a federal court under these circumstances.

Second, the complaint does not appear to establish in any wise that the applicable prerequisites for suing the State of Alabama (which is essentially what Plaintiff is purporting to do by suing the ADE) have been met, including but not limited to overcoming the State's Eleventh Amendment immunity to suit.

Third and finally, even notwithstanding all of this, the Board entertains profound doubts that the claims made against the State of Alabama via the ADE (which the Board understands to be limited to a Fourteenth Amendment equal-protection challenge at the First Cause of Action, see, Compl., pp. 9-10, ¶¶ 29-33) will survive even a motion to dismiss made by the ADE, let alone any eventual summary judgment proceedings. The ADE has already filed a motion to dismiss directed to these issues, amongst others.

3

in the Middle District of Alabama (hereinafter, the "Middle District"), at the end of the day the complaint itself shows that far more than enough of the relevant acts or omissions occurred in the Southern District. Add to this the fact that the Board, along with Plaintiff herself,[2] are located in Mobile, and it becomes clear that this action could have been filed in the Southern District. See 28 U.S.C. § 1391(b)(1).

> 2. **The Convenience of the Parties and the Interest of Justice Weigh Heavily in Favor of Transfer.**

In regard to the second element – whether the action should be transferred for the convenience of the parties and in the interest of justice – under the tests articulated both by the Eleventh Circuit and by this Honorable Court, it is clear the equities weigh very heavily in favor of transfer, easily enough to outweigh Plaintiff's interest in choosing the venue for her suit. In undertaking this analysis, a court is to look at: "(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." See Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005); see also Bartronics, Inc. v. Power-One, Inc., --- F.Supp. 2d ---, 2007 WL 1322386, at *2 (S.D.Ala, May 4, 2007) (listing relevant factors as "the plaintiff's initial choice of forum; the convenience of the parties; the convenience

---

[2] Indeed, the elephant in the room here would seem to be that Plaintiff herself resides in Mobile, for which point the complaint states that Plaintiff "was at all times a resident of Mobile, Alabama." (Compl., p. 3, ¶ 7). Furthermore, the "right to sue" letter issued to Plaintiff by the EEOC on or about June 13, 2007, and included as an attachment to the complaint also indicates a Mobile address for Plaintiff (See id. at pp. 4-5, ¶ 13 and attached "right to sue" letter).

4

of the witnesses; the relative ease of access to sources of proof; the availability of compulsory process for witnesses; the location of relevant documents; the financial ability to bear the cost of the change; and trial efficiency."); C.M.B. Foods, 396 F.Supp. 2d at 1286-87 (same). The Board will address these concerns below as this Honorable Court has done so previously.

### a.   Plaintiff's initial choice of forum

This factor of course would tend to weigh in Plaintiff's favor by definition, since in practically any conceivable instance of the application of section 1404(a), a defendant or defendants will be seeking a transfer out of the plaintiff(s) forum of choice. Thus, while being mindful that a court is ordinarily supposed to show deference to a plaintiff's presumptively legitimate choice of forum, the Board notes that the Supreme Court has very recently stated that this presumption in a plaintiff's favor "applies with less force" in situations where, as here, the plaintiff has not chosen her "home forum" because the assumption that a plaintiff has appropriately chosen the forum is "less reasonable." See Sinochem Intern., 127 S.Ct. at 1191 (citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-56 (1981)). Thus, the Board submits that Plaintiff clearly begins this analysis at less of an advantage than would normally be the case.

### b.   The convenience of the parties

As noted previously, both the Board and Plaintiff reside in the Southern District, specifically, in Mobile, and the Mobile venue is inarguably more convenient at least for those parties.[3] Thus, notwithstanding whatever reasoning was behind Plaintiff's choice

---

[3] Of course, the ADE may or may not find the Mobile forum convenient. However, particularly given the general nature of the claims made against the State as discussed previously at footnote one and elsewhere, the Southern District is likely not any less convenient than the Middle District as far as the ADE is

5

to file this action in the Middle District, the Board submits that general convenience of the parties was probably not a motivating factor. The Board submits this factor weighs overwhelmingly in favor of transfer, and that this conclusion is not subject to reasonable dispute.

        c.        **The convenience of the witnesses**

To the best of the Board's information and belief, **all** of the witnesses which could conceivably have relevant factual testimony to give in this case reside in the Southern District. The Board submits this factor weighs overwhelmingly in favor of transfer, and that this conclusion is not subject to reasonable dispute.

        d.        **The relative ease of access to the sources of proof**

This factor again clearly and overwhelmingly favors transfer, and for much the same reason that the convenience to the witnesses weighs in favor of transfer, namely, that the sources of proof appear to be located overwhelmingly if not entirely in the Southern District. This is an employment case, the Board was Plaintiff's employer, the employment itself took place in Mobile, as did all of the alleged acts and/or omissions which Plaintiff alleges make the Board liable to her. In fact, it is hard to imagine any sources of proof in this case that would not be located in Mobile, Alabama, up to and including Plaintiff herself. The Board submits this factor weighs overwhelmingly in favor of transfer, and that this conclusion is not subject to reasonable dispute.

        e.        **Availability of compulsory process**

This factor generally weighs neither in favor of nor against transfer, as compulsory process for the attendance of witnesses obviously exists in both the Middle

---

concerned. If the ADE objects to the Southern District forum on convenience or any other grounds, it will likely make its views known to the Court.

and Southern Districts. The Board does note, however, that since most if not all the witnesses reside in Mobile, any compulsory process used to compel the attendance of witnesses would essentially compel travel from Mobile to Montgomery (a distance of well over 100 miles, see Fed. R. Civ. P. 45(c)(3)(B)(iii)) for most if not all non-party witnesses, at least for purposes of trial if not for depositions and other matters. Thus, to the extent this factor weighs either way, the Board suggests it weighs toward transfer.

### f. The location of relevant documents

Obviously, again as argued above with respect to the sources of proof, the vast bulk if not the entirety of the documents affecting this case are located in Mobile. Any documentation located outside Mobile is almost certain to be miniscule, and furthermore, likely in large part irrelevant "form" and other data much like that kept for any state employee or citizen. The Board submits this factor weighs overwhelmingly in favor of transfer, and that this conclusion is not subject to reasonable dispute.

### g. The financial ability to bear the cost of the change

To the extent this factor weighs either way, it weighs clearly toward transfer. There is no legitimate reason of which the Board can conceive for thinking that litigation in the Southern District in this cause would be any more expensive than litigation in the Middle District – and in fact, given all of the factors discussed above, the Board suggests that it would actually be significantly cheaper in the end to litigate it in the Southern District where the events which form the basis of the complaint occurred, and where nearly all, if not all, of the evidence and witnesses relevant to the complaint are located, as is Plaintiff herself. In short, from almost every conceivable perspective, it appears that Plaintiff can easily bear the cost of litigation in the Southern District, and certainly so if

7

she can afford it in the Middle District. Furthermore, the Board is not aware of any reason Plaintiff would be reasonably unable to bear any direct costs associated with a transfer to the Southern District, if there are any at all.

### h. Trial efficiency

Again, this factor clearly weighs in favor of transfer for all of the reasons detailed above. A trial in this matter in the Middle District would cause enormous unnecessary expense and complication, both for the parties and the Court itself, given the long distance between Montgomery and Mobile and the presence of virtually every witness or piece of physical evidence in Mobile.

### i. Additional concerns warrant transfer.

There are additional factors or concerns warranting in favor of a transfer on *forum non conveniens* grounds pursuant to section 1404(a). The United States Supreme Court notably discussed this issue in Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1947).[4] Relevant for present purposes are the so-called "public interest" factors discussed therein, as distinct from the mostly "private interest" factors which have already been discussed above. See Gulf Oil, 330 U.S. at 508-09. Among these "public interest" factors, the Court noted:

> Factors of public interest also have a place in applying [*forum non conveniens*]. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a

---

[4] The Gulf Oil decision became in large part obsolete because of the enactment of section 1404(a) after the decision was handed down. See Norwood v. Kirkpatrick, 349 U.S. 29, 30-31 (1955) (discussing section 1404(a)'s relation to prior *forum non conveniens* law). Thus, it is important to note, as did the Court in Norwood, that a section 1404(a) transfer is actually more broadly available than the Gulf Oil decision might suggest. Id. However, the Board will discuss Gulf Oil to the extent that the general policy concerns underlying *forum non conveniens* are outlined therein. Indeed, a close examination of Gulf Oil reveals that it contains the original formulation of the test used by this Honorable Court in evaluating a section 1404(a) *forum non conveniens* transfer. See Gulf Oil, 330 U.S. at 508.

8

> community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only.

Id. These "public interest" factors also weigh heavily in favor of a transfer to the Southern District. Obviously, despite the perfunctory claim against the ADE, the complaint obviously originates in all relevant aspects out of Mobile in the Southern District, and not the Middle District. Likewise, it would be better as a matter of policy to allow the citizens of the Southern District to resolve any jury questions that may ultimately be presented by this case rather than burdening the citizens of the Middle District who have little or no connection to the locus of this case. Finally, the Board should point out that this is indeed a case which "touch[es] the affairs of many persons." Plaintiff is suing public entities which are intimately connected with Mobile and the Southern District, to wit, the county school board and school system. In other words, this is not the case of two private parties engaging in a relatively minor dispute, but rather, a long-standing and serious set of allegations in regard to alleged misconduct by a governmental entity. Furthermore, it is hard to imagine many entities which "touch the affairs of many persons" on a daily basis more than school systems. Thus, based on all of the foregoing, the Board respectfully requests this Honorable Court to transfer this case to the Southern District. The Board hereby represents that, to the extent it may be necessary, it will (and indeed, must) submit to jurisdiction and/or service in the Southern District.

> B. **Plaintiff's Punitive Damages Claims Must Be Dismissed Because Such Damages Are Not Available Against Governmental Entities Such as the Board.**

As part of her prayer for relief, Plaintiff makes a general request for punitive damages. (See Compl., p. 16, ¶ 3). Frankly, the Board is not sure precisely where Plaintiff may or may not be requesting punitive damages against it. Plaintiff only specifically requests punitive damages in relation to her Americans With Disabilities Act claims, see Compl., p. 13, ¶ 47, and in her Title VII claims, see Compl., p.14, ¶ 54. However, due to the serial incorporation of all prior allegations from all prior counts of the complaint, along with the general demand for punitive damages in the final prayer for relief, the Board is forced to assume Plaintiff is seeking punitive damages in all of her claims against it. Put simply, pursuant to the law governing the causes of action Plaintiff has asserted against the Board, punitive damages are simply not available for any of her claims. Plaintiff's request for the same are improper and should be dismissed. Below, the Board will address each cause of action asserted against it separately and why punitive damages are not available as to each one.

1.     **Family and Medical Leave Act Claims**

The enforcement provision of the Family and Medical Leave Act ("FMLA") is contained at 29 U.S.C. § 2617. That section facially limits any recovery pursuant to the FMLA to "wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation [of the FMLA]" or else "actual monetary loss." 29 U.S.C. § 2617(a)(1)(A)(i)(I-II). In other words, the only remedies available to a plaintiff under the FMLA are direct compensation for any monetary losses incurred as a result of the alleged violation, interest on the same, and possibly liquidated damages equal to the amount of the compensatory damages plus interest. Id.; McAnnally v. Wyn South Molded Products, Inc., 912 F.Supp. 512, 513 (N.D.Ala. 1995). Punitive damages

are simply not available. Id. As a result, all of Plaintiff's punitive damages claims pursuant to the FMLA are due to be dismissed.

### 2.    Americans With Disabilities Act Claims and Title VII Claims

The enforcement provisions of the relevant part of the Americans With Disabilities Act ("ADA") are contained within 42 U.S.C. § 12117(a). That section in turn announces that the remedies for violation of that chapter of the ADA are identical to those contained in 42 U.S.C. § 2000e(5). In other words, the remedies for violation of both the ADA and Title VII are the same. See Biggs v. State of Florida Bd. Of Regents, 1998 WL 344349, at *2 (N.D.Fla. 1998). The law is very clear that punitive damages under Title VII are not available against governmental entities, including school boards. 42 U.S.C. § 1981a(b)(1); Garrett v. Clarke County Bd. Of Education, 857 F.Supp. 949 (S.D.Ala. 1994). Likewise, as the remedies are identical, punitive damages are also not available against a governmental entity under the ADA. 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e(5); 42 U.S.C. § 1981a(b)(1); Biggs, 1998 WL 344349, at * 2. Thus, because the Board is definitely a governmental entity, Plaintiff's punitive damages claims pursuant to the ADA and Title VII are due to be dismissed.

### 3.    Plaintiff's Breach of Contract Claims

While not clearly specified, the Board assumes that Plaintiff's breach of contract claims are made (in the absence of any averment to the contrary) pursuant to Alabama state law and in regard to the general terms of her employment with the Board. Without commenting on the merits of Plaintiff's breach of contract claim, it is safe to say that the general hornbook rule regarding breach of contract is that punitive damages simply are not available. Aetna Cas. & Sur. Co. v. Mitchell Bros., Inc., 814 So. 2d 191, 202 (Ala.

2001). Certainly, no averments of promissory fraud with reference to the formation of any alleged contract have been made by Plaintiff anywhere in the complaint, nor would a theory of "bad faith" apply outside the realm of an insurance contract. See id. Based on this, the Board cannot imagine any possible way punitive damages would be available in a breach of contract cause of action in the circumstances narrated by the complaint. Thus, Plaintiff's punitive damages claims pursuant to her breach of contract claim are also due to be dismissed.

### III.     CONCLUSION

For all the foregoing reasons, the Court should enter an order transferring this case in entirety to the Southern District. Furthermore, Plaintiff's claims for punitive damages in all counts of her complaint asserted against the Board should be dismissed because they fail as a matter of law.

s/Vaughan Drinkard, Jr.
VAUGHAN DRINKARD, JR.
Attorney for Defendant
THE ATCHISON FIRM, P.C.
3030 Knollwood Drive
Mobile, Alabama  36693
Telephone: (251) 665-7200
Facsimile: (251) 665-7250
DRINV2102
E-mail: vaughan.drinkard@atchisonlaw.com

s/Paul Carbo, Jr.
Attorney for Defendant
THE ATCHISON FIRM, P.C.
3030 Knollwood Drive
Mobile, Alabama  36693
Telephone: (251) 665-7200
Facsimile: (251) 665-7250
CARBP
E-mail: paul.carbo@atchisonlaw.com

## CERTIFICATE OF SERVICE

      I do hereby certify that I have on this the 12th day of October, 2007, electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all Counsel of record, as follows:

April England-Albright, Esq.
Law Office of April England-Albright
Post Office Box 312293
Atlanta, Georgia  31131

State of Alabama Department of Education
50 North Ripley Street
Montgomery, Alabama  36104

                                                          s/Vaughan Drinkard, Jr.
                                                          VAUGHAN DRINKARD, JR.