IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KANDEE COOLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CASE NO. 2:07cv808-MHT |
| | ) |
| STATE OF ALABAMA | ) |
| DEPARTMENT OF EDUCATION, | ) |
| MOBILE COUNTY BOARD OF | ) |
| SCHOOL COMMISSIONERS | ) |
| and the MOBILE COUNTY | ) |
| PUBLIC SCHOOL SYSTEM, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## ALABAMA STATE DEPARTMENT OF EDUCATION'S OPPOSITION TO MOBILE COUNTY BOARD OF SCHOOL COMMISIONERS' AND THE MOBILE COUNTY PUBLIC SCHOOL SYSTEM'S MOTION TO TRANSFER VENUE

COMES NOW the Alabama State Department of Education (the "SDE"), a Defendant in the above-captioned matter, and opposes the Motion to Transfer Venue and Supporting Brief (Docs. 10 & 11) filed by Defendants Mobile County Board of School Commissioners and the Mobile County Public School System (collectively "the Board"). Alternatively the SDE respectfully requests that this Court will consider as a threshold matter the SDE's Motion to Dismiss the Plaintiff's Complaint (Doc. 6) since resolution of the Motion to Dismiss may render moot the SDE's opposition to a transfer of venue. As grounds therefore, the SDE would show unto the Court the following:

### BACKGROUND

On September 17, 2007 Kandee Cooley filed a Complaint (Doc. 1) against the SDE and the Board in this Court raising several employment related claims against the Board and claiming

that the SDE's practices violated the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. (Doc. 1, ¶31). On October 12, 2007 the Board filed a Motion to Transfer Venue (Doc. 10) and supporting Brief (Doc. 11), requesting that the Court transfer this matter to the United States District Court for the Southern District of Alabama (the "Southern District") pursuant to 28 U.S.C. § 1404(a). In addition to the Motion to Transfer Venue, this Court has for consideration Motions to Dismiss filed by all of the Defendants. (SDE's at Doc. 6) (Board's at Doc.9). As set forth in the SDE's Motion to Dismiss and supporting Memorandum, the Plaintiff's claims against the SDE are barred by the Eleventh Amendment of the United States Constitution and by State Agent Immunity.

### TRANSFER OF VENUE PURSUANT TO 28 USC § 1404

The Plaintiff set forth the basis for her choice of forum as follows: "Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial portion of the events and omissions giving rise to this Complaint occurred in the Middle District of Alabama and the State of Alabama Board of Education is being sued as a party to this suit and can only be tried in Montgomery County, Alabama . . ." (Doc. 1, ¶12). As the Board acknowledged in its Motion to Transfer, this Court has recognized a two-part inquiry for purposes of *a forum non conveniens* transfer: (1) "whether the action could originally have been brought in the proposed transferee district court"; and (2) "whether the action should be transferred for the convenience of the parties and in the interest of justice." *C.M.B. Foods, Inc. v. Corral of Middle Georgia*, 396 F.Supp. 2d 1283, 1286 (M.D.Ala. 2005) (internal citations omitted).

Regarding the first prong of the test, the Plaintiff alleges that a "substantial portion of the events and omissions giving rise to this Complaint occurred in the Middle District of Alabama." (Doc. 1, ¶12). As noted by the Board, the Plaintiff makes one claim against a party located in

2

the Middle District (the SDE) and the majority of Plaintiff's allegations appear to relate to her employment in Mobile. Nevertheless, the Plaintiff alleges in her Complaint that the majority of events giving rise to the Complaint occurred in the Middle District. (Doc. 1, ¶12). Because of the apparent inconsistencies in the Plaintiff's Complaint, it is difficult to know whether the first prong of the test has been met.

Even if the first prong of the test has been met, "[O]nly where both prongs of the test are satisfied will a § 1404(a) motion be granted." *Verret v. State of Alabama Dept. of Mental Health*, 2007 WL 2609777, *2 (M.D. Ala. 2007). In determining whether the second prong has been met, the following factors are considered:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.
>
> *Verret*, 2007 WL 2609777, *2, *citing Manuel v. Convergys Corp.,* 430 F.3d 1132, 1135 n. 1 (11th Cir.2005)**.**

While the Board argues that it would be more convenient for the witnesses to have this matter transferred to the Southern District, the distance between the two courthouses is not so excessive that it would cause a significant inconvenience for the witnesses. *Id*. at *3 (refusing to give significant weight to the distance between the Middle District and the Southern District where, among other things, the party requesting a transfer did not allege that the witnesses were unable or unwilling to travel to Montgomery to testify, or that compulsory process would be necessary)**.** Regarding the second factor, the Board argues that the majority if not all of the documents related to this case are located in Mobile. However, if the SDE remains in this case, documents related to the SDE are likely to be found in Montgomery.

3

In considering the convenience of the parties and the locus of operative facts, the SDE is located in Montgomery and while the other parties may be located in Mobile, the Plaintiff chose the Middle District as her forum. As set forth above, the distance between the two forums is not so great that the parties could not litigate the matter in the Middle District. The Plaintiff also alleges that the majority of facts occurred in the Middle District, although the SDE recognizes that many of the allegations in the Complaint relate to the Plaintiff's employment in Mobile. With regard to compulsory process, the Board acknowledges that "this factor generally weighs neither in favor of nor against transfer, as compulsory process for the attendance of witnesses obviously exists in both the Middle and Southern districts." Doc. 11, at 6-7. Further, there is no allegation of unwilling witnesses in this matter.

In addition to the above factors, the means of the parties, the weight accorded a plaintiff's choice of forum and a forum's familiarity with the governing law should be considered. The Plaintiff chose the Middle District as her forum and the SDE is located in the Middle District. While the Board may prefer to litigate this matter in the Southern District, it will not be prejudiced by remaining in the Middle District given the distance between the two forums. The chosen forum should also be equally familiar with the governing law. Finally, trial efficiency should be considered when deciding whether to transfer from a Plaintiff's chosen forum. The Board submits that the great distance between the two forums in this case would result in unnecessary expense and complication. However, this Court has recognized that the distance between the two forums is not that great. *Verret*, 2007 WL 2609777, *3.

## CONCLUSION

The SDE respectfully requests that this Court will consider as a threshold matter, the SDE's Motion to Dismiss and thereafter consider the Board's Motion to Transfer. Should the

SDE's Motion to Dismiss be denied, the SDE respectfully submits that the Board's Motion to Transfer is due to be denied.

                                    **s/ Mark D. Wilkerson**
                                    MARK D. WILKERSON (WIL072)
                                    AMANDA C. CARTER (CAR116)
                                    Attorneys for Defendant
                                    State of Alabama
                                    Department of Education
                                    WILKERSON & BRYAN, P.C.
                                    405 South Hull Street
                                    Montgomery, AL 36104
                                    Telephone:  (334) 265-1500
                                    Facsimile:   (334) 265-0319
                                    mark@wilkersonbryan.com
                                    amanda@wilkersonbryan.com

Case 2:07-cv-00808-MHT-TFM    Document 19    Filed 10/29/2007    Page 5 of 7

**OF COUNSEL:**

WILKERSON & BRYAN, P.C.
405 South Hull Street
Montgomery, AL 36104
Telephone: (334) 265-1500
Facsimile: (334) 265-0319
mark@wilkersonbryan.com
amanda@wilkersonbryan.com

**CERTIFICATE OF SERVICE**

      I do hereby certify that on this the 29th day of October, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that I mailed a copy of the foregoing to the parties of record, properly addressed and first class postage prepaid.

April England-Albright  
Post Office Box 312293  
Atlanta, Georgia  31131

Vaughn Drinkard, Jr.  
Paul Carbo, Jr.  
The Atchison Firm, P.C.  
3030 Knollwood Drive  
Mobile, Alabama  36693

                              **s/ Mark D. Wilkerson**  
                              MARK D. WILKERSON (WIL072)  
                              AMANDA C. CARTER (CAR116)  
                              Attorneys for Defendant  
                              State of Alabama  
                              Department of Education  
                              WILKERSON & BRYAN, P.C.  
                              405 South Hull Street  
                              Montgomery, AL 36104  
                              Telephone:  (334) 265-1500  
                              Facsimile:   (334) 265-0319  
                              mark@wilkersonbryan.com  
                              amanda@wilkersonbryan.com