IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**KANDEE COOLEY,**

    **Plaintiffs,**

vs.                                      Case No.: 2:07-CV-808-MHT

**STATE OF ALABAMA DEPARTMENT OF EDUCATION,
MOBILE COUNTY BOARD OF SCHOOL COMMISSIONERS**
and the **MOBILE COUNTY PUBLIC SCHOOL SYSTEM.**

    **Defendants.**

---

**PLAINTIFF'S RESPONSE TO THE DEFENDANT'S
STATE OF ALABAMA DEPARTMENT OF EDUCATION
MOTION TO DISMISS**

**COMES NOW**, the Plaintiff, by and through undersigned counsel, and respectfully files the following response to the Defendant, State of Alabama Department of Education, motion to dismiss. In support Plaintiff argues the following:

**A. INTRODUCTION**

In their motion to dismiss, the Defendant, SDE, argues that Plaintiff's case should be dismissed for two reasons: 1) that SDE did not and can not create the law which plaintiff alleges caused her injury, 2) sovereign immunity provided under the Eleventh Amendment to the Constitution and Section 14 of the Alabama Constitution absolutely shields them from being named in this suit. Plaintiff summarily rejects both of these arguments as set out below.

**B. STANDARD OF REVIEW**

The Defendant brings their motion through Federal Rule 12 (b) 6 on the grounds that Plaintiff did not bring a claim for which relief can be granted. A rule 12(b)(6)

motion generally questions the legal sufficiency of a complaint; therefore, in assessing the merits of a Rule 12(b)(6) motion, the court is confined to the four corners of the complaint. *See, e.g., United States v. Gaubert*, 499 U.S. 315, 327, 113 L. Ed. 2d 335, 111 S. Ct. 1267 (1991); *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990) Moreover, all factual allegations are to be construed in the light most favorable to the plaintiff and are to be assumed as true. *See e.g., Brower v. County of Inyo*, 489 U.S. 593, 598, 103 L. Ed. 2d 628, 109 S. Ct. 1378 (1989). Finally, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *In re Johannessen,* 76 F.3d 347, 349 (11th Cir. 1996) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957)); *Braden v. Piggly Wiggly*, 4 F. Supp. 2d 1357, 1360 (M.D. Ala. 1998)

Further a Court's discretion to dismiss a complaint without leave to amend is limited by Fed. R. Civ. P. 15 (a), which says that leave to amend, shall be freely given when justice so requires. Indeed, where it appears that a complaint would state a claim upon which relief could be granted if a better complaint were drafted, a District Court should give Plaintiff an opportunity to amend. <u>Wagner v. Daewoo Heavy Industries America Corp,</u> 314 F. 3d 541 (11th Cir. 2002). Plaintiff has filed simultaneous with this response an amended complaint and pursuant to this standard, Plaintiff's complaint is not due to be dismissed.

**III. ARGUMENT**

Plaintiff will address each of the Defendant's arguments below respectively.

**A. Plaintiff has stated a claim upon which relief can be granted**

In paragraph two of her complaint, Plaintiff alleges that the Defendants have created a process which guarantees that education employees will not receive the same rights and protections generally afforded to other workers in the State of Alabama, who are allowed to receive future wages based on their disability status, rather temporary or permanent. In their motion to dismiss, Defendant, SDE does not argue that Plaintiff's allegation is untrue. Instead the Defendant argues that because the Alabama Legislature, alone has the power to "enact" the law made a basis of Plaintiff's complaint, SDE cannot be liable for any equal protection issues, which arise from the implementation of the statute. They are simply wrong.

In this instance, the Defendant SDE, and the State Superintendent, and as Defendant, MSCE have intentionally forced Plaintiff, and other similarly situated employees to follow a process that the law does not require. Alabama Code, section 25-5-13, which governs the applicability of Worker's Compensation Statute, specifically states in part that,

> "This chapter shall be applicable to the employees of all counties and all municipalities having populations greater than 2,000 according to the most recent federal decennial census, and shall govern in their employment. This chapter shall be applicable also to the employees of all county and city boards of education, the Alabama Institute for the Deaf and Blind, and all employees of the two-year colleges under the control of the State Board of Education, and shall govern in their employment. The employees of all school systems and institutions, counties, and each municipality covered under this section shall have available to them all the rights and remedies provided under this chapter"

According to this statute, Plaintiff and other education employees should be afforded the compensation under the worker's compensation statute. However, for no reason known by Plaintiff, Defendants have not afforded education employees this opportunity. Instead,

3

after she received her ninety-day pay, Defendants advised Plaintiff that she had to go to the Board Adjustment to receive additional money or reimbursement of medical expenses and cost.

Alabama Code, section 16-1-18.1 in part provides:

d) On-the-job injury. The following regulations, procedures, and rights are established pertaining to employees who are injured while on the job:

(1) **NOTICE OF INJURY**. The employee shall make proper notification of the injury to the executive officer (or to the principal of the school, if applicable), within 24 hours after the injury occurred, or where the employee is not clinically able to make notification, it shall be permissible for another person who is reasonably knowledgeable to make the notification of the injury. Other notification procedures and forms shall be as established by written policy of the employer.

(2) **PHYSICIAN CERTIFICATION**. The employer may require medical certification from the employee's physician that the employee was injured and cannot return to work as a result of the injury. The executive officer may, at his or her discretion, require a second opinion from another physician at the expense of the employer. The employer may require a statement from the physician that there is a reasonable expectation that the employee will be able to return to work. A uniform physician certification form shall be adopted by the State Board of Education and distributed to each executive officer.

(3) **SALARY CONTINUED**. Upon determination by the executive officer that an employee has been injured on the job and cannot return to work as a result of the injury, the salary and fringe benefits of the employee shall be continued for a period of up to ninety (90) working days consistent with the employee's injury and the subsequent absence from work resulting from the injury. This provision shall apply to the temporary disability of the employee as applicable to the job-related injury.

(4) **EXTENSION OF DAYS**. The employer may adopt a written policy to extend the 90-day sick leave period for on-the-job injuries. Additional job-injury policies may be adopted by the employer if the policies do not conflict with the section.

The Statute further provides:

(7) **ADDITIONAL EXPENSES**. Any un-reimbursed medical expenses and costs which the employee incurs as a result of an on-the-job injury may be filed for reimbursement with the State Board of Adjustment. Reimbursement to the employee shall be determined by the Board of Adjustment's policies, rules, and regulations, which may be adopted from time to time. The Board of Adjustment shall adopt appropriate rules, regulations, and forms for submission by the employee.

(8) The executive officer or his or her designee shall inform the employee who is injured on the job of his or her rights about appearing before the Board of Adjustment and also about applicable written policies within thirty (30) calendar days of notification of the injury.

According to this statute, the only compensation plaintiff can receive from the Board of Adjustment is reimbursement for medical expenses and cost. There is therefore no reason for Plaintiff or any other state education employee to be directed by the Defendant to the Board of Adjustment to file claims for temporary or permanent disability status. As argued above, the worker's compensation is the only mechanism whereby an injured employee who meets the applicability guidelines can recover future wages if they are temporarily or permanently disabled as a result of a work related injury. Defendants are clearly required by statute to provide it, but they are not, thus pushing Plaintiff, and other similar to her, in a class of eligible employees who should receive worker's compensation, but do not.

The SDE pursuant to Alabama Code, section 16-3-13, may make such rules and regulations as will give force and effect to any and all of its provisions in response to any defect in the language or purpose of Title 16 (Education). Even if the Defendant, SDE or the Superintendent, who is vested with the power to supervise the county and city board of education and advise SDE on required changes, argues that there is some defect or conflict with the laws governing this area, the Legislature, through this section have given the Defendants the power to act and create its own policy to deal with the situation. However, instead of following the law, or creating new policy, the Defendant intentionally has done nothing.

Again, the facts within the four corners must be taken as true for purposes of this motion and for the reasons provided above herein, the Defendants have violated the equal

protection clause of the Fourteenth amendment, and are not entitled to dismissal under Federal Rule 12 (b) (6) for failure to state a claim for relief to be granted.

**B. The Defendant, SDE, is not entitled to Immunity under Eleventh Amendment.**

The Defendant further argues that plaintiff's complaint should also fail because they are entitled immunity under the Eleventh Amendment. Even though the Eleventh Amendment generally acts to bar the State from jurisdiction of Federal Courts, it only does so in appropriate circumstances. <u>Edelman v. Jordan</u>, 415 U.S. 651 (1974)**.** In <u>Fitzpatrik v. Bitzer,</u> 427 U.S. 445, 449, n.2, 96 S.Ct. 2666, 26668, n.2, 49 L. Ed. 614 (1976), the Supreme Court recognized that the Fourteenth Amendment by expanding federal power at the expense of state autonomy had fundamentally altered the balance of state and federal power struck by the Constitution. The Court noted that section one of the Fourteenth Amendment contained prohibitions expressly directed at the States and that section 5 of the Amendment expressly provide that Congress shall have the power to enforce, by appropriate legislation, the provisions of this article. (Id.) The Court also held that section five of the fourteenth amendment allowed Congress to abrogate the immunity from suit guaranteed by the Eleventh Amendment. (Id.)

In her amended complaint, Plaintiff, who seeks redress from the Court pursuant to the Equal Protection clause through 42 U.S.C. 1981 and 1983, has added the State Superintendent, in his official capacity. Plaintiff's amended and original complaint seeks injunctive relief as well. The Eleventh Amendment does not insulate state officials acting in their official capacities from suit for prospective declaratory and injunctive relief to remedy violations of federal constitutional law. When federal rights are asserted against

state employees sued in their official capacities, the Eleventh Amendment prohibits claims for retrospective monetary relief (i.e., compensatory and punitive damages) paid from the state treasury but not prospective equitable relief (i.e., declaratory and injunctive relief*). See Ex parte Young*, 209 U.S. 123, 52 L. Ed. 714, 28 S. Ct. 441 . . . (1908) (holding that a plaintiff seeking prospective relief from the state must name as a defendant a state official rather than the state or a state agency directly even though in reality the suit is against the state).

For this reason, the Defendant, SDE, and the State Superintendent is not entitled to a dismissal on this ground.

### C. SDE not entitled to State Immunity

Finally, SDE argues that it is entitled to immunity pursuant to section 14 of the Alabama Constitution, 1901. Such is also not the case. A state official is not immune from an action that (1) seeks to compel a state official to perform his or her legal duties, (2) seeks to enjoin a state official from enforcing unconstitutional laws, (3) seeks to compel a state official to perform ministerial acts, (4) seeks a declaration under the Declaratory Judgments Act, § 6-6-220 et seq., Ala. Code 1975, construing a statute and applying it in a given situation, or (5) valid inverse condemnation actions brought against State officials in their representative capacity; and (6) actions for injunction or damages brought against State officials in their representative capacity and individually where it was alleged that they had acted fraudulently, in bad faith, beyond their authority or in a mistaken interpretation of law. *Latham v. Department of Corr.*, 927 So. 2d 815, 821 (Ala. 2005).

As stated in Plaintiff's original and amended complaint, Plaintiff seeks to have this Court require the state official to do his/her job.  Under Alabama Code sections 16-4-4 and sections 16-4-8, the State Superintendent shall have the power to make annual apportionment of school funds, execute the educational policies of the State Board of Education, educate and conference with all county and city board of educations, which includes the teachers on matters relating to the condition, and needs of improvement of the education system, prepare and publish school laws for the State of Alabama Board of Education, review actions of county and city boards regarding finance, and enter binding orders on the auxiliary county and city boards.

If the law requires that the county and city board of educations are to provide worker's compensation to its employees, then it is the job of the State Superintendent to make sure that said compensation is provided. Because Plaintiff and other education employees have not been notified of their rights to receive worker's compensation, or not been allowed to file for worker's compensation claims with their employing city or county board of educations, then the State Superintendent has not performed his legal responsibility.  The State Superintendent or the State Department of Education have also not openly advised the public regarding the change or advised the local county or city board of educations to provide worker's compensation.  For this reason, Plaintiff has filed an action asking this Court to compel the Defendants to provide this right.  As stated earlier, all facts alleged by Plaintiff are to be believed as true and all favorable inferences are to be drawn in her favor.

Defendants are not entitled to summary judgment on this ground.

## IV. CONCLUSION

The Defendant's 12 (b) (6) motion to dismiss should be denied. Within her complaint and amended complaint, Plaintiff has certainly alleged sufficient facts upon which relief can be granted. Plaintiff did not address the issue of Counts two through five as they relate to Defendant SDE at this time because they are not listed in those counts at this time. Plaintiff does however, reserve the right to add Defendant SDE at such time that future discovery may warrant.   Defendants should not be able to enjoy immunity when they are intentionally creating a practice, which undermines the rights of their employees in violation of the equal protection clause of the fourteenth amendment. Plaintiff again respectfully prays this Honorable Court will deny SDE's motion to dismiss.

        Respectfully submitted,

        **/s/April England-Albright**
        Counsel for the Plaintiff (Engl6637)

OF COUNSEL:

April England-Albright
Justice Group
Post Office Box 312293
Atlanta, Georgia 31131
(334) 327-0451
(866)276-1131
aprilalbright1@bellsouth.net

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing response has been served upon opposing counsel through electronic filing ECF system on this the 29th day of October 2007.

**/s/April England-Albright**