IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**KANDEE COOLEY,**

    **Plaintiffs,**

vs.                                       **Case No.: 2:07-CV-808-MHT**

**STATE OF ALABAMA DEPARTMENT OF EDUCATION,
MOBILE COUNTY BOARD OF SCHOOL COMMISSIONERS
and the MOBILE COUNTY PUBLIC SCHOOL SYSTEM.**

    **Defendants.**

**PLAINTIFF'S RESPONSE TO THE
DEFENDANT, MOBILE COUNTY PUBLIC SCHOOL SYSTEM
MOTION TO TRANSFER**

Comes now, the Plaintiff, by and through undersigned counsel, and respectfully files the following response to the Defendant, Mobile County Public School System motion to transfer. Plaintiff says unto the Court the following:

1. To determine what is the appropriate venue, Section 1404(a) of Title 28 of the United States Code allows a district court to transfer any civil action to a district where it might have been brought to promote the convenience of the parties and witnesses and in the interests of justice. "28 U.S.C. § 1404(a) places the decision of whether a motion for a change of venue should be granted within the sound discretion of the court." *Hutchens v. Bill Heard Chevrolet Co.,* 928 F. Supp. 1089, 1090 (M.D. Ala.1996); *see also Ross v. Buckeye Cellulose Corp.,* 980 F.2d 648, 654 (11th Cir. 1993), *cert. denied,* 513 U.S. 814, 115 S. Ct. 69, 130 L. Ed. 2d 24 (1994) *Holmes v. Freightliner, LLC.,* 237 F. Supp. 2d 690, 692 (M.D. Ala. 2002) Moreover, Section

   1404(a) only applies in cases where the plaintiff's chosen venue is an appropriate venue. Second, the action may only be transferred to a venue in which the action could have originally been brought.

2. After determining whether the action could have been brought in the transferee district court, the Court must decide whether the balance of convenience favors transfer. *Johnston v. Foster-Wheeler Constructors, Inc.,* 158 F.R.D. 496, 503 (M.D. Ala. 1994) Courts generally consider the following factors: the plaintiff's initial choice of forum; the convenience of the parties; the convenience of the witnesses; the relative ease of access to sources of proof; the availability of compulsory process for witnesses; the location of relevant documents; the financial ability to bear the cost of the change; and trial efficiency. *See Folkes v. Haley,* 64 F. Supp. 2d 1152 (M.D. Ala. 1999) *Tampa Bay Storm, Inc. v. Arena Football League, Inc.,* 932 F. Supp. 281, 282 (M.D. Fla. 1996).

3. In Plaintiff's initial and amended complaint, Plaintiff has added the Defendant, Superintendent, Dr. Joseph D. Morton, to the complaint. The Alabama State Department of Education is already listed as a defendant in this action. Both of these parties are located in Montgomery, Alabama.

4. Even though a portion of Plaintiff's complaint took place in the Mobile, Alabama, an equal portion took place in the City of Montgomery, at the Board of Adjustment proceedings. Moreover, after discovery begins, Plaintiff may have to add additional state agencies to the complaint in order to fully and adequately prosecute her case. This includes, but is not limited to the Alabama

State Legislature, each individually, each Board Member of the Alabama Department of Education individually for her equal protection claim.

5. Because Plaintiff's complaint involves actions from the State, Plaintiff chose the forum of the Middle District for the convenience of the parties. Moreover, applicable Alabama Venue Statutes provides that Plaintiff can choose a venue, whereby the principle office of one of the Defendants sits.

6. Plaintiff will equally have to retrieve documents from Mobile, and Montgomery to prosecute her case and Plaintiff will equally have to depose and subpoena witnesses from Montgomery, and Mobile. Indeed, if Plaintiff is required to add additional parties from the State of Alabama, she will have to depose and subpoena more witnesses in Montgomery than Mobile, where she will only have to depose or subpoena two or three witnesses.

7. It will be more costly to Plaintiff to have to prosecute the case in the Southern District of Alabama than the Middle District of Alabama.

8. As some courts have stated, the weight to be given the plaintiff's forum choice is significant and "will not be disturbed unless the other factors weigh substantially in favor of transfer." *Mohamed v. Mazda Motor Corp.,* 90 F. Supp. 2d 757, 774 (E.D. Tex. 2000)(citation omitted). Further, the applicable § 1404(a) analysis recognizes that the plaintiff's selected forum is presumptively correct, and accordingly, the court affords deference to a plaintiff's selection.

9. Contrary to the Defendant's position, Plaintiff's claim against the ADE, and the Superintendent is not perfunctory. The issues related to Plaintiff's equal

protection reach farther than the issues regarding the Mobile County Public School System.

10. No matter how many different ways it is said, the Defendant's main reason for requesting a transfer to the Southern District is that it is inconvenient for them.

11. This concern should not outweigh the deference afforded to Plaintiff's choice of a forum.

12. Finally, Plaintiff is entitled to punitive damages for all willful actions alleged by Plaintiff pursuant to 42 U.S.C. 1981 and 1983.

**WHEREFORE,** Plaintiff respectfully prays this Court will deny the Defendant, Mobile County School System, Motion to transfer this matter to the Southern District of Alabama.

Respectfully submitted,

**/s/April England-Albright**
Counsel for the Plaintiff (Engl6637)

OF COUNSEL:

April England-Albright
Justice Group
Post Office Box 312293
Atlanta, Georgia 31131
(334) 327-0451
(866)276-1131
aprilalbright1@bellsouth.net

5

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing response has been served upon opposing counsel through electronic filing ECF system on this the 29th day of October 2007.

<b><u>/s/April England-Albright</u></b>