IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KANDEE COOLEY, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 2:07cv808-MHT |
| | ) |
| STATE OF ALABAMA | ) |
| DEPARTMENT OF EDUCATION, | ) |
| MOBILE COUNTY BOARD OF | ) |
| SCHOOL COMMISSIONERS | ) |
| and the MOBILE COUNTY | ) |
| PUBLIC SCHOOL SYSTEM, | ) |
| | ) |
|    Defendants. | ) |
| _____ | ) |

**ALABAMA STATE DEPARTMENT OF EDUCATION'S REPLY TO
PLAINTIFF'S RESPONSE TO MOTION TO DISMISS**

COMES NOW the Alabama State Department of Education (the "SDE"), a Defendant in the above-captioned matter, and respectfully requests that it be allowed to submit this Reply to Plaintiff's Response to the SDE's Motion to Dismiss. The SDE alternatively requests that this Court will strike the Plaintiff's Response to the SDE's Motion to Dismiss as untimely and moot in light of the Plaintiff's Amended Complaint. As grounds therefore, the SDE would show unto the Court the following:

**I. BACKGROUND**

This Court issued an Order on October 11, 2007 (Doc. 8) that the SDE's Motion to Dismiss was set for submission without oral argument on October 29, 2007, "with all briefs due by said date." The Plaintiff filed a Response to the SDE's Motion to Dismiss (the "Response") a day after the deadline on October 30, 2007. (Doc. 22). On the same day, the Plaintiff also sought

leave to file an Amended Complaint, which would add three defendants: "the Alabama State Superintendent,[1] Joseph D. Morton, in his official capacity," "Mobile County Public School System" and "Mobile County Board of School Commissioners." (Doc. 24, p. 1). The SDE is simultaneously with the filing of this document, filing a Motion to Dismiss the Amended Complaint. However, since Plaintiff responded to the SDE's initial Motion to Dismiss on the same day she sought leave to amend her Complaint, the SDE respectfully requests that it be allowed to submit this Reply, or alternatively requests that this Court will strike the Plaintiff's Response as untimely and moot in light of the Amended Complaint.

The Plaintiff's response addresses two issues raised in the SDE's Motion to Dismiss, framed by the Plaintiff as follows: "1) that SDE did not and can not create the law which plaintiff alleges caused her injury, 2) sovereign immunity provided under the Eleventh Amendment to the Constitution and Section 14 of the Alabama Constitution absolutely shields them from being named in this suit." (Doc. 22, p. 1). This Reply is limited to issues raised by the Plaintiff in her Response.

## II. THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

In Response to the SDE's Motion to Dismiss, the Plaintiff describes her claims against the SDE as follows: "Defendants have created a process which guarantees that education employees will not receive the same rights and protections generally afforded to other workers in the State of Alabama, who are allowed to receive future wages based on their disability status, rather [sic] temporary or permanent." (Doc 22, p. 3). However, in her Complaint, the Plaintiff states that:

---

[1] The SDE notes that throughout the Plaintiff's Response, she seems to argue that State Superintendent Morton is not entitled to dismissal from this lawsuit. To the SDE's knowledge, the Plaintiff only sought leave to amend her Complaint on October 30, 2007 and none of the proposed defendants have even been served with the Amended Complaint and are not required to submit responsive pleadings or otherwise assert defenses at this time.

2

> Plaintiff was denied benefits and lost wages related to her on-the-job injury. . . that she would have been entitled to, if she, along with other public education employees in the State of Alabama were entitled to benefit (sic) from the Alabama Workers Compensation Law to recover lost wages, benefits or future wages for injuries. Moreover, all supplemental claims for additional lost wages and medical costs before the Alabama Board of Adjustment, has been denied. (Doc. 1, ¶25).

In summary, the Plaintiff argues that the SDE erroneously requires her and every public school teacher in Alabama to pursue claims for work related injuries through the Board of Adjustment rather than through the Worker's Compensation statute pursuant to ALA. CODE § 25-5-13. (See generally, Doc. 1, ¶25; Doc. 22, p.3). While as noted by the Plaintiff, ALA. CODE § 25-5-13 indicates that "this chapter shall be applicable also to the employees of all county and city boards of education," the Plaintiff ignores ALA. CODE § 25-5-50(c) which provides that no school board is obligated to provide worker's compensation coverage until sufficient funds are appropriated from the special educational trust fund or the school board otherwise receives available funds to implement the provisions.

In those instances when a school board is unable to provide worker's compensation coverage for its employees, those employees still have a remedy for work related injuries through the Board of Adjustment. The Plaintiff was aware of that remedy and pursued it. (Doc. 1, ¶25). The fact that she is not satisfied with the remedy does not create a right of action for additional damages against the SDE.[2]

### III.  THE SDE IS ENTITLED TO IMMUNITY

Even assuming, solely for the sake of argument, that the Plaintiff's Complaint could survive the SDE's Motion to Dismiss for failure to state a claim, the Complaint is due to be

---

[2] It has long been the law in Alabama that the State Board of Adjustment is not required to award an amount equal to an award that would be due if the claimant were covered by the Worker's Compensation Act. The Board of Adjustment may use the Worker's Compensation Act as a guide, however. *See Moody v. University of Alabama, et al.*, 405 So. 2d 714, 716 (Ala. Civ. App. 1981); ALA. CODE § 41-9-68(a).

dismissed against the SDE because the SDE is clothed with certain federal and state grants of immunity. The Plaintiff does not offer a single authority to support her allegation that the SDE is not entitled to such immunity in this case. As set forth below, the Plaintiff's own cited authority supports immunity rather than defeats it. In fact, the Plaintiff all but admits that she seeks leave to file an amended complaint to include an individual[3] (the State Superintendent) because the SDE enjoys immunity.

### A. The Plaintiff's Claims Against the SDE Are Barred by Eleventh Amendment Immunity

In support of her argument that the SDE is not entitled to Eleventh Amendment immunity, the Plaintiff states: "In her amended complaint, Plaintiff, who seeks redress from the Court pursuant to the Equal Protection clause through 42 U.S.C. 1981 and 1983, has added the State Superintendent, in his official capacity." (Doc. 22, p. 6). The proposed addition of another defendant has nothing to do with whether the SDE is clothed with immunity. Notably, the Plaintiff does not cite any case law in support of her position that the SDE is not afforded immunity, nor does she discuss any of the authority cited by the SDE in support of its position that the SDE enjoys Eleventh Amendment immunity.

The Plaintiff goes on to argue that the SDE does not enjoy immunity when a plaintiff seeks prospective relief. (Doc. 22, pp. 6-7). In support of her position, she directs the Court to: "*See Ex parte Young,* 209 U.S. 123, 52 L. Ed. 714, 28 S. Ct. 441 ... (1908) (holding that a plaintiff seeking prospective relief from the state must name as a defendant a state official rather than the state or a state agency directly even though in reality the suit is against the state)." (Doc. 22, p. 7) (emphasis added). The Plaintiff's own description of *Ex parte Young* defeats her position that a State Agency is a proper Defendant in this case.

---

[3] The State Superintendent is afforded certain immunities as well and will no doubt raise those immunities as a defense at the appropriate time.

## B. The Plaintiff's Claims Against the SDE Are
## Barred by State Sovereign Immunity

Like her argument that the SDE is not entitled to Eleventh Amendment immunity, the Plaintiff argues that the SDE is not entitled to immunity under state law by citing authority that defeats her position. The Plaintiff relies on *Latham v. Department of Corr.,* 927 So. 2d 815, 821 (Ala. 2005) to support her position, but the very part of the case she cites describes limitations on the immunity of a state official rather than a state agency. (Doc. 22, p. 7). In fact, the Plaintiff cites no authority regarding limitations on the immunity afforded an agency of the State of Alabama. Finally, the Plaintiff notes that she "seeks to have this Court <u>require the state official</u> to do his/her job" and goes on to discuss the State Superintendent. (Doc. 22, p. 8) (emphasis added). As set forth above, the SDE filed the Motion to Dismiss and the State Superintendent is not yet a party to this lawsuit. *See also*, (Doc. 22, p. 8) (emphasis added) (Plaintiff alleges ". . . then it is the job <u>of the State Superintendent</u> to make sure that said compensation is provided. Because Plaintiff and other education employees have not been notified of their rights to receive worker's compensation, or not been allowed to file for worker's compensation, then the <u>State Superintendent</u> has not performed his legal responsibility." By the Plaintiff's own admission, the SDE is entitled to immunity in this lawsuit and must therefore be dismissed as a Defendant.

## IV. CONCLUSION

The SDE respectfully requests that this Court will consider this Reply to Plaintiff's Response to the SDE's Motion to Dismiss and thereafter dismiss the Plaintiff's Complaint, with prejudice. The SDE alternatively requests that this Court will strike the Plaintiff's Response to the SDE's Motion to Dismiss as untimely and moot in light of the Amended Complaint.

5

          **s/ Amanda C. Carter**
          MARK D. WILKERSON (WIL072)
          AMANDA C. CARTER (CAR116)
          Attorneys for Defendant
          State of Alabama
          Department of Education
          WILKERSON & BRYAN, P.C.
          405 South Hull Street
          Montgomery, AL 36104
          Telephone:  (334) 265-1500
          Facsimile:   (334) 265-0319
          mark@wilkersonbryan.com
          amanda@wilkersonbryan.com

**OF COUNSEL:**

WILKERSON & BRYAN, P.C.
405 South Hull Street
Montgomery, AL 36104
Telephone:  (334) 265-1500
Facsimile:   (334) 265-0319
mark@wilkersonbryan.com
amanda@wilkersonbryan.com

**CERTIFICATE OF SERVICE**

  I do hereby certify that on this the 14th day of November, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that I mailed a copy of the foregoing to the parties of record, properly addressed and first class postage prepaid.

April England-Albright
Post Office Box 312293
Atlanta, Georgia  31131

Vaughn Drinkard, Jr.
Paul Carbo, Jr.
The Atchison Firm, P.C.
3030 Knollwood Drive
Mobile, Alabama  36693

              **s/ Amanda C. Carter**
              MARK D. WILKERSON (WIL072)
              AMANDA C. CARTER (CAR116)
              Attorneys for Defendant
              State of Alabama
              Department of Education
              WILKERSON & BRYAN, P.C.
              405 South Hull Street
              Montgomery, AL 36104
              Telephone:  (334) 265-1500
              Facsimile:   (334) 265-0319
              mark@wilkersonbryan.com
              amanda@wilkersonbryan.com