IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
KANDEE COOLEY,                )
                              )
     Plaintiff,               )
                              )
                              )    CIVIL ACTION NO.
     v.                       )      2:07cv808-MHT
                              )          (WO)
STATE OF ALABAMA              )
DEPARTMENT OF EDUCATION,      )
et al.,                       )
                              )
     Defendants.              )
```

OPINION AND ORDER

Plaintiff Kandee Cooley brings this lawsuit against defendants State of Alabama Department of Education, Mobile County Board of School Commissioners, and Mobile County Public School System,[1] asserting violations of the Family and Medical Leave Act of 1993, as amended (29 U.S.C. §§ 2601-2654), the Americans with Disabilities Act

---

    1. After the motion to transfer was filed, Cooley amended her complaint to include Dr. Joseph Morton, the state superintendent of schools, as a defendant. Morton's inclusion does not affect the analysis of the motion to transfer.

of 1990, as amended (42 U.S.C. §§ 12111-12117, 12131-12165), Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §§ 1981a, 2000e through 2000e-17), the Equal Protection Clause of the United States Constitution, and the "Equal Protection Clause" of the Alabama Constitution.[2] This case is now before the court on a motion to transfer filed by the Mobile County Board of School Commissioners and the Mobile County Public School System (the Mobile County defendants). It is opposed both by Cooley and the State of Alabama Department of Education. For the reasons that follow, the motion will be granted.

---

2. Cooley asserts that she states a claim under the "Equal Protection Clause of ... the Alabama State Constitution," Compl. (Doc. No. 1), at 1), but, remarkably, in this the 21st century, the Alabama Constitution still does not have an Equal Protection Clause or any clear analog. See Hutchins v. DCH Reg'l Med. Ctr., 770 So.2d 49, 60 (Ala. 2000) ("The question whether §§ 1, 6, and 22 of Article I, Constitution of Alabama 1901, combine to guarantee the citizens of Alabama equal protection under the laws remains in dispute.").

## I. BACKGROUND

Cooley was hired as a sixth-grade teacher and reading specialist for the Mobile County Public School System in early 1997. She worked for the school system until 2001, when she sustained an injury on the job. After the injury, she filed to receive the 90 days of salary and fringe benefits available to teachers injured on the job under 1975 Ala. Code § 16-1-18.1(d)(3). Cooley alleges, however, that she did not receive these benefits, which ultimately caused her to lose her insurance and the concomitant ability to obtain treatment for her injury. All told, she asserts that she has not received the benefits she is due and that, because she is a teacher, she has suffered the loss of benefits and wages to which she would have been entitled under the Alabama Workers Compensation Law.

## II. STANDARD FOR MOTION TO TRANSFER

28 U.S.C. § 1404(a) authorizes a district court to transfer a civil action to any other district in which it might have been brought "for the convenience of parties and witnesses, in the interest of justice." Because federal courts normally accord deference to a plaintiff's choice of forum in a § 1404 motion, the burden is on the movant to show that the suggested forum is more convenient or that litigation there would be in the interest of justice. In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989) (per curiam). But the district court has "broad discretion in weighing the conflicting arguments as to venue," England v. ITT Thompson Industries, Inc., 856 F.2d 1518, 1520 (11th Cir. 1988), and a court faced with a motion to transfer must engage in an "individualized, case-by-case consideration of convenience and fairness." Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). A district court may properly transfer a case to "the forum in which

judicial resources could most efficiently be utilized and the place in which the trial would be easiest, and most expeditious and inexpensive." C.M.B. Foods, Inc. v. Corral of Middle Ga., 396 F.Supp.2d 1283, 1286 (M.D. Ala. 2005) (Thompson, J.).

Resolution of a § 1404(a) motion requires a two-step process. First, the court must determine whether the action could "originally have been brought in the proposed transferee district court," Folkes v. Haley, 64 F.Supp.2d 1152, 1155 (M.D. Ala. 1999) (DeMent, J.); then, the court "must decide whether the balance of convenience favors transfer." Id.

### III. DISCUSSION

#### A. Propriety of Transferee District

The threshold inquiry on a § 1404(a) motion is, as stated, whether the transferee district is a district where the action originally "might have been brought." Pursuant to 28 U.S.C. § 1391(b), a non-diversity civil

action may be brought only in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." The Mobile County defendants argue that this case should be transferred to the Southern District of Alabama. They easily meet the requirements of § 1391(b), as nearly all of the relevant events occurred in Mobile. Cooley sustained her on-the-job injury in Mobile, and her Family Medical Leave Act, Americans with Disabilities Act, and Title VII claims all arise from the actions of her employer, the Mobile County Public Schools System. Furthermore, Cooley herself resides in Mobile. Therefore, for the purposes of the transfer motion, the court finds that the relevant acts and omissions were made in Mobile, and the court concludes that the United States District Court for the Southern District of Alabama constitutes a proper place of venue for the trial of this action pursuant to § 1391(b).

B. Balance of Justice and Convenience

The next issue is whether the balance of justice and convenience favors transfer. Factors to consider when making this determination include:

> "(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances."

Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). The balance of these factors militates in favor of transferring the action to the Southern District of Alabama. Except for the enactment of the challenged statute in Montgomery, the entire substance of this lawsuit is located in Mobile: Cooley resides in Mobile, and the conduct of which she complains arose while she worked for the Mobile County Public School System, with

the obvious result that the witnesses, documents, and "the locus of operative facts" are all in Mobile. Thus, the bulk, if not all, of Cooley's complaint concerns events that took place at Cooley's place of employment in Mobile. Additionally, while Cooley presumably has lesser financial means than the defendants, this factor cannot logically support hearing the case in the Middle District, since Cooley herself lives in Mobile. The court must conclude that the Southern District of Alabama is the forum that most advances trial efficiency and the interests of justice.

The only reason to hear this case in the Middle District is the bare fact that it is the forum Cooley chose, and as such her choice "should not be disturbed unless it is clearly outweighed by other considerations." Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996). The normal heft of the plaintiff's choice is lessened in this case; because the Middle District is not Cooley's "home forum," the "presumption

in the plaintiff's favor applies with less force, for the assumption that the chosen forum is appropriate is then less reasonable." Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp., ___ U.S. ___, ___, 127 S.Ct. 1184, 1191 (2007).

***

For the foregoing reasons, it is the ORDER, JUDGMENT, and DECREE of the court that defendants Mobile County Board of School Commissioners and Mobile County Public School System's motion to transfer (Doc. No. 10) is granted and this lawsuit is transferred in its entirety to the United States District Court for the Southern District of Alabama.

All other pending motions are left for disposition after transfer.

The clerk of the court is DIRECTED to take appropriate steps to effect the transfer.

DONE, this the 20th day of November, 2007.

    /s/ Myron H. Thompson
    UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

   (a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

   (b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

   (c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

   (d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

   (e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. <u>Rinaldo v. Corbett</u>, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. <u>See</u> also Fed.R.App.P. 3(c). A <u>pro</u> <u>se</u> notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).