IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| KANDEE COOLEY,            ) | |
| ) | |
|    Plaintiff,          ) | |
| ) | CIVIL ACTION NO. |
| v.                        ) | 2:07cv808-MHT |
| ) | (WO) |
| STATE OF ALABAMA          ) | |
| DEPARTMENT OF EDUCATION,  ) | |
| et al.,                   ) | |
| ) | |
|    Defendants.         ) | |

OPINION AND ORDER

Plaintiff Kandee Cooley brings this lawsuit against defendants State of Alabama Department of Education, Mobile County Board of School Commissioners, and Mobile County Public School System,[1] asserting violations of the Family and Medical Leave Act of 1993, as amended (29 U.S.C. §§ 2601-2654), the Americans with Disabilities Act

---

1. After the motion to transfer was filed, Cooley amended her complaint to include Dr. Joseph Morton, the state superintendent of schools, as a defendant. Morton's inclusion does not affect the analysis of the motion to transfer.

of 1990, as amended (42 U.S.C. §§ 12111-12117, 12131-12165), Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §§ 1981a, 2000e through 2000e-17), the Equal Protection Clause of the United States Constitution, and the "Equal Protection Clause" of the Alabama Constitution.[2]  This case is now before the court on a motion to transfer filed by the Mobile County Board of School Commissioners and the Mobile County Public School System (the Mobile County defendants).  It is opposed both by Cooley and the State of Alabama Department of Education.  For the reasons that follow, the motion will be granted.

---

2.  Cooley asserts that she states a claim under the "Equal Protection Clause of ... the Alabama State Constitution," Compl. (Doc. No. 1), at 1), but, remarkably, in this the 21st century, the Alabama Constitution still does not have an Equal Protection Clause or any clear analog.  See Hutchins v. DCH Reg'l Med. Ctr., 770 So.2d 49, 60 (Ala. 2000) ("The question whether §§ 1, 6, and 22 of Article I, Constitution of Alabama 1901, combine to guarantee the citizens of Alabama equal protection under the laws remains in dispute.").

## I. BACKGROUND

Cooley was hired as a sixth-grade teacher and reading specialist for the Mobile County Public School System in early 1997. She worked for the school system until 2001, when she sustained an injury on the job. After the injury, she filed to receive the 90 days of salary and fringe benefits available to teachers injured on the job under 1975 Ala. Code § 16-1-18.1(d)(3). Cooley alleges, however, that she did not receive these benefits, which ultimately caused her to lose her insurance and the concomitant ability to obtain treatment for her injury. All told, she asserts that she has not received the benefits she is due and that, because she is a teacher, she has suffered the loss of benefits and wages to which she would have been entitled under the Alabama Workers Compensation Law.

II. STANDARD FOR MOTION TO TRANSFER

28 U.S.C. § 1404(a) authorizes a district court to transfer a civil action to any other district in which it might have been brought "for the convenience of parties and witnesses, in the interest of justice."  Because federal courts normally accord deference to a plaintiff's choice of forum in a § 1404 motion, the burden is on the movant to show that the suggested forum is more convenient or that litigation there would be in the interest of justice.  In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989) (per curiam).  But the district court has "broad discretion in weighing the conflicting arguments as to venue," England v. ITT Thompson Industries, Inc., 856 F.2d 1518, 1520 (11th Cir. 1988), and a court faced with a motion to transfer must engage in an "individualized, case-by-case consideration of convenience and fairness." Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988).  A district court may properly transfer a case to "the forum in which

4

judicial resources could most efficiently be utilized and the place in which the trial would be easiest, and most expeditious and inexpensive." C.M.B. Foods, Inc. v. Corral of Middle Ga., 396 F.Supp.2d 1283, 1286 (M.D. Ala. 2005) (Thompson, J.).

Resolution of a § 1404(a) motion requires a two-step process. First, the court must determine whether the action could "originally have been brought in the proposed transferee district court," Folkes v. Haley, 64 F.Supp.2d 1152, 1155 (M.D. Ala. 1999) (DeMent, J.); then, the court "must decide whether the balance of convenience favors transfer." Id.

### III. DISCUSSION

#### A. Propriety of Transferee District

The threshold inquiry on a § 1404(a) motion is, as stated, whether the transferee district is a district where the action originally "might have been brought." Pursuant to 28 U.S.C. § 1391(b), a non-diversity civil

action may be brought only in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." The Mobile County defendants argue that this case should be transferred to the Southern District of Alabama. They easily meet the requirements of § 1391(b), as nearly all of the relevant events occurred in Mobile. Cooley sustained her on-the-job injury in Mobile, and her Family Medical Leave Act, Americans with Disabilities Act, and Title VII claims all arise from the actions of her employer, the Mobile County Public Schools System. Furthermore, Cooley herself resides in Mobile. Therefore, for the purposes of the transfer motion, the court finds that the relevant acts and omissions were made in Mobile, and the court concludes that the United States District Court for the Southern District of Alabama constitutes a proper place of venue for the trial of this action pursuant to § 1391(b).

B. Balance of Justice and Convenience

The next issue is whether the balance of justice and convenience favors transfer. Factors to consider when making this determination include:

> "(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances."

Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). The balance of these factors militates in favor of transferring the action to the Southern District of Alabama. Except for the enactment of the challenged statute in Montgomery, the entire substance of this lawsuit is located in Mobile: Cooley resides in Mobile, and the conduct of which she complains arose while she worked for the Mobile County Public School System, with

7

the obvious result that the witnesses, documents, and "the locus of operative facts" are all in Mobile. Thus, the bulk, if not all, of Cooley's complaint concerns events that took place at Cooley's place of employment in Mobile. Additionally, while Cooley presumably has lesser financial means than the defendants, this factor cannot logically support hearing the case in the Middle District, since Cooley herself lives in Mobile. The court must conclude that the Southern District of Alabama is the forum that most advances trial efficiency and the interests of justice.

The only reason to hear this case in the Middle District is the bare fact that it is the forum Cooley chose, and as such her choice "should not be disturbed unless it is clearly outweighed by other considerations." Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996). The normal heft of the plaintiff's choice is lessened in this case; because the Middle District is not Cooley's "home forum," the "presumption

in the plaintiff's favor applies with less force, for the assumption that the chosen forum is appropriate is then less reasonable." <u>Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.</u>, ___ U.S. ___, ___, 127 S.Ct. 1184, 1191 (2007).

***

For the foregoing reasons, it is the ORDER, JUDGMENT, and DECREE of the court that defendants Mobile County Board of School Commissioners and Mobile County Public School System's motion to transfer (Doc. No. 10) is granted and this lawsuit is transferred in its entirety to the United States District Court for the Southern District of Alabama.

All other pending motions are left for disposition after transfer.

The clerk of the court is DIRECTED to take appropriate steps to effect the transfer.

DONE, this the 20th day of November, 2007.

                                  /s/ Myron H. Thompson
                                 UNITED STATES DISTRICT JUDGE